WILLIAM T. CREVELING v. WEST END IRON COMPANY.

A clause in a lease declaring that if the rent remains unpaid for a definite
    period the tenant's rights and privileges shall become forfeited, does not
    have the effect of avoiding the lease on the happening of the default,
    but renders it avoidable at the option of the landlord.

---

On demurrer to pleas.

For the plaintiff, *J. W. Creveling* and *H. A. Fluck.*

For the defendant, *M. Wyckoff.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The declaration contains the common *indebitatus* counts, for work, labor, money lent, account stated, &c., and likewise two special counts for rent, due on two several demises.

The defendant has put in seven pleas, the last two of which have been demurred to, and hence the argument before us.

That both these pleas are radically faulty is obvious, for they have been drawn as an answer to all causes of action contained in the several counts, while, in substance, they have no relation to any of them, except to the special counts founded on the leases. Plainly they do not answer the common counts, although they purport to do so. On this ground alone the demurrer would have to be sustained.

Nor do we think the matters stated in these pleas constitute a legal answer to the special counts for the rent. In each of the leases there is a covenant on the part of the lessee of the following tenor, viz.: "To pay the rent as aforesaid at the end of each and every quarter; and in case default therein shall have been made for the space of sixty days, to forfeit the privileges and rights hereby given; and in case of such default and forfeiture, the demised premises to revert to said party of the first part, &c., the same to be enjoyed by him, &c., as though this lease had never been made."

The burthen of each of the pleas in question is that the lessee, in each case, made default in the payment of rent, and so remained in default for over sixty days, the theory being that by such breaches of contract these demises were severally forfeited. But it is conclusively settled that a tenant cannot thus at will work a forfeiture of the lease, it being the privilege of the landlord either to waive the forfeiture or to exact it. It was so decided by this court in the recent case of *Smith* v. *Miller*, 20 *Vroom* 521.

With respect to the clause contained in the latter of these two pleas to the effect that the plaintiff has been in possession of the premises since the rent sued for accrued, the court is of opinion that such statements are nugatory. The effect of such a fact can be only to tend to show, in an inconclusive form, that the landlord exacted the forfeiture. The rules of pleading require that the fact of forfeiture, and not the evidence of it, should be averred. No issue could be properly framed on the allegation as it stands.

On the issue raised, the plaintiff is entitled to judgment.