## HANLEY FALLS CREAMERY COMPANY v. MILTON DAIRY COMPANY.[1]

June 26, 1914.

Nos. 18,706—(218).

**Lease — condition subsequent.**

> Provision in a lease of certain premises "for creamery purposes" that, if the lessee should cease to use them for such purposes, the lease "shall be cancelled and annulled at once by said lessor," *held* not a special limitation upon the term, but a condition subsequent, vesting in the lessor a waivable option to terminate the lease upon the happening of the specified contingency.

Action in the district court for Ramsey county to recover $105. The case was tried before Dickson, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*Bert O. Loe,* for appellant.

*Lightner & Young,* for respondent.

PHILIP E. BROWN, J.

After trial to the court, with findings for defendant, plaintiff appealed from an order denying a new trial.

The action sought to recover rent of realty alleged to have accrued subsequently to September 1, 1912. The facts are undisputed and may be thus stated:

In April, 1910, plaintiff let, in writing, its creamery property to defendant for a term of five years commencing May 1, 1910, "for creamery purposes," in consideration of an agreed rental of $900, payable $15 each month in advance. The lease, in addition to and after the usual mutual covenants, contained the following provision:

"And it is further agreed by and between the parties as follows: That in case the said lessee shall cease to use the premises for actual

1 Reported in 148 N. W. 46.

creamery purposes or close the building, this lease shall be canceled and annulled at once by said lessor."

The parties stipulated on the trial that defendant ceased to use the leased premises for actual creamery purposes and closed the building prior to September 1, 1912.

Defendant maintains that the excerpt quoted is unambiguous, its words being of limitation, terminating the lease upon the happening of the specified condition, or, if not, then they at least express a covenant on plaintiff's part thereupon to terminate it. Taking the latter as a premise, defendant argues that plaintiff cannot make its failure to cancel upon the happening of the contingency the basis of a recovery.

Assuming for the present that doubts and uncertainties, if any, as to the meaning of the provision must be resolved against the lessor (Swank v. St. Paul City Ry. Co. 72 Minn. 380, 75 N. W. 594; 24 Cyc. 915), what is its legal effect? While formerly a provision in a lease to the effect that it should become "void" upon the tenant's default in performance of stipulations, was construed as a limitation, it was soon discovered that in practical application this enabled the tenant to nullify the lease merely by taking advantage of his own default, and the great weight of authority now is that whatever the form of language used, whether adapted to the creation of a special limitation or a condition subsequent, such will be construed as the latter, unless a contrary intent is clearly expressed. 2 Tiffany, Landlord & T. p. 1368, § 194d. The language of the provision under consideration cannot be given larger effect than it would have if the parties had used "void" instead of the words chosen, and the theory of special limitation must be eliminated.

Regarding the provision as expressing a condition subsequent, it is well settled that the happening of the contingency specified in such a condition does not of itself terminate the lease, but merely gives the lessor a waivable option to cancel. Clark v. Jones, 1 Denio, (N. Y.) 516, 43 Am. Dec. 706; 26 Am. St. 911, note. Applying this doctrine to the present case, we are naturally led to inquire what defendant's rights would be were it here resisting a claim of forfeiture occasioned by its voluntary act in closing the building for cream-

ery purposes, interposed by plaintiff long thereafter, without previous affirmative action on the latter's part. If plaintiff could not prevail thereon, then defendant's present contention cannot be sustained. The decided cases almost invariably involve attempts by lessors to take advantage of such forfeitures, and they have always encountered difficulties in so doing, because forfeitures are never favored nor enforced where injustice will result, if the language used will reasonably bear a construction leading to a different conclusion. Hawes v. Favor, 161 Ill. 440, 449, 43 N. E. 1076. Furthermore, it cannot be presumed that the lessee desired, when the lease was entered into, that its default should of itself operate as a forfeiture of its right to continue to hold under the lease. The opposite view leads to diminution of the lessee's estate by a restriction thereon which, under ordinary circumstances, would lessen its value. Besides, if the parties had intended the provision to operate as a protection and benefit to the lessee, the power to cancel would naturally have been vested in it; nor can we say that the use of the word "shall" in the phrase "shall be canceled and annulled at once by said lessor," takes the case out of the general rule. Defendant's contentions cannot be sustained.

It appears from the evidence offered that defendant continued to occupy the premises for a long time after its default in the conditions and also, inferentially, that it paid rent thereafter. The provision, we think, is not so clear as to eliminate the doctrine of practical construction, and its application would likewise sustain the conclusion reached.

Order reversed.