NATHAN LOWENTHAL AND ANOTHER v. R. H. NEWLON.[1]

November 2, 1917.

No. 20,531.

**Construction of lease — lessor's option to terminate lease not available to lessee.**

1. A provision in a lease that upon default for 60 days by the lessee in payment of rent, the lease shall become ended and determined, gives an option of termination to the lessor, which he may avail himself of or waive, as he sees fit. It does not give the lessee the right to secure a termination of the lease by his own default.

**Pleading — surrender of premises — answer defective.**

2. The answer contains no sufficient allegation of acceptance by the lessors of surrender of the premises.

Action in the district court for Hennepin county to recover $150 for rent. From an order, Fish, J., sustaining plaintiff's demurrer to the answer, defendant appealed. Affirmed.

*R. L. Penney,* for appellant.

*Joss & Ohman,* for respondents.

[1]Reported in 164 N. W. 905.

HALLAM, J.

1. This action is brought to recover rent due May 1, 1916, under a lease dated May 8, 1913, and running for a term of five years. Defendant agreed to pay rent for that term quarterly in advance. The lease provides that if the lessee shall make default for 60 days in the payment of rent when due, or in the performance of any of the covenants or agreements on his part to be performed, "then and from thenceforth this lease shall become ended and determined," and all rights of the lessee shall be forfeited and lapse, as fully as if the lease had expired by lapse of time, and the lessors shall at once have all the right of re-entry upon the premises which they would have upon expiration of the lease by lapse of time, and the lessee shall thereupon surrender the premises to the lessor. The answer alleged as a defense that defendant had defaulted in the payment of rent for more than 60 days before May 1, and had notified the lessors that he declared the lease ended because of his own default, and that all liability for payment of rent was thereupon ended.

Plaintiff demurred to this answer and the demurrer was sustained. We think the demurrer was properly sustained.

The claim of defendant is, that by his own default he could terminate his liability under the lease. Such a construction of the language of the lease cannot be sustained. The lease imposed on the lessee a real obligation to pay rent during the term. To construe the language quoted as giving him an option to end the lease because of his own default would nullify this obligation. All the provisions of the lease should be harmonized and given effect, if possible. We think they may be. Taking all the terms of the lease together, it is clear that the provision on which defendant relies was inserted for the benefit of the lessor and that he may avail himself of it or waive it, as he sees fit. This rule is reasonable and just, and it is in harmony with the decision of this court in Hanley Falls Creamery Co. v. Milton Dairy Co. 126 Minn. 226, 148 N. W. 46, 52 L. R.A. (N.S.) 718. It is also in harmony with modern authority elsewhere. Provisions of this and similar character are construed as waivable options or conditions and not as absolute limitations upon the term. 2 Tiffany, Landlord & Tenant, § 194d; Trask v. Wheeler, 7 Allen (Mass.) 109; Ray v. West Pennsylvania N. Gas Co. 138 Pa. St. 576, 20 Atl. 1065, 12 L.R.A. 290, 21 Am. St. 922; 16 R. C. L. 1100, 1101. In some earlier

cases in England, defendant's contention was adopted, but it was soon realized that such a construction permitted the lessee to take advantage of his own wrong and thus escape liability on a burdensome lease, and the rule was abandoned as unpractical and unjust. Hanley Falls Creamery Co. v. Milton Dairy Co. 126 Minn. 226, 227, 148 N. W. 46, 52 L.R.A. (N.S.) 718; 16 R. C. L. 1118, 1119. So far as we know, the rule is not now adhered to anywhere, and we think it should not be.

2. There is an allegation in the answer that upon giving the notice above mentioned, defendant "did then and thereby surrender to said plaintiffs all buildings and improvements on said described estate." Defendant now contends that this signifies a surrender of the leased premises by defendant and acceptance of the surrender by plaintiffs. There is probably no sufficient allegation of a surrender of the leased premises by defendant. There is surely no allegation at all of acceptance of such surrender by plaintiffs.

Order affirmed.