## Seay & Thomas, Appellant, v. Gerald Doyle, Appellee.
### Gen. No. 43,990.

Opinion filed April 21, 1947. Released for publication May 5, 1947.

G. W. SULLIVAN, of Chicago, for appellant.

HENEHAN & McINERNEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

September 13, 1946, plaintiff brought an action of forcible detainer against defendant to recover possession of apartment A-1, 4605 Dover street, Chicago. There was a trial and the court found the defendant not guilty. Plaintiff appeals.

The record discloses that plaintiff, as agent for the Chicago Title & Trust Company, Trustee, leased apartment A-1 of the building at 4605 Dover street, Chicago, to defendant, Gerald Doyle, for a period beginning May 1, 1946 and expiring April 30, 1947. One of the provisions of the lease provided that "Animals, birds or reptiles are not allowed on demised premises." July 25, 1946, plaintiff notified defendant by letter that his keeping a dog in the apartment was a violation of the lease and that defendant must remove the dog by

August 10, 1946; and further that there had been considerable damage to the property caused by the dogs which were kept in the apartment building, and while the damage might not have been caused by defendant's dog, plaintiff could make no exception to a violation of the lease. Defendant did not remove the dog from the apartment and on August 20, plaintiff notified defendant in writing that since he had failed to remove the dog, it was terminating the lease as of August 30. September 13, the instant case was brought.

The facts as stipulated by the parties show the execution of the lease, the provision against keeping the dog on the premises; that paragraph 20, of the lease provided: "Failure to keep and observe said rules will constitute a breach of the terms of this lease." The stipulation further shows the letter of July 25, written by plaintiff to defendant and the service of the 10 day notice of August 20, hereinabove mentioned and further that defendant on the hearing testified that he had lived in the building for about 8 years and had the dog there all that time; that part of the 8 years he was resident manager for the former owner of the building and served in the same capacity for a short time after plaintiff took over the management of the building; that plaintiff told him not to negotiate any lease with new tenants having dogs but that nothing was said at the time about defendant or other tenants disposing of their dogs; that defendant paid his rent for the month of August, and tendered his check for the September rent by mail but that the check was never endorsed or deposited; that paragraph 16, of the lease provided: "The acceptance of rent after it falls due, or after knowledge of any breach hereof by Lessee" or the giving of any notice, etc. "shall not be construed as a waiver of the Lessor's right to act without notice or demand" or of any other of the lessor's rights.

Defendant contends that the provision of the lease in question, prohibiting the keeping of dogs in the apartment was waived by plaintiff, and further that

"the mere keeping of a dog on leased premises is not a continuing breach," and that defendant does not rely "on the acceptance of rent alone as constituting a waiver. In this case, annual leases were executed for 8 years in addition to acceptance of rent; . . . ." That "there was the original entrance upon the landlord-tenant relationship with full knowledge by the Lessor that Defendant, Lessee, had a dog; and there was the eight year long failure on the part of the Lessor to declare a forfeiture."

The stipulation of facts does not show annual leases for 8 years nor is there any showing that when the lease in question was made, plaintiff knew that defendant kept a dog in the premises. In these circumstances we think the acceptance of rent for the month of August did not constitute a waiver because no rent was accepted after the 10 day notice was served. Defendant had paid the rent for the month of August and the 10 day notice to quit the premises was served on defendant August 20. Plaintiff took no rent for the month of September.

The judgment of the Municipal court of Chicago is reversed and the cause remanded with directions to enter judgment for plaintiff.

*Reversed and remanded with directions.*

NIEMEYER, J., and FEINBERG, J., concur.