228

Julius Barnard, Trustee, Appellant, v. Leon R. Hollingsworth, Appellee.

Gen. No. 44,617.

Opinion filed December 30, 1948. Released for publication January 21, 1949.

229

BARNARD & BARNARD, of Chicago, for appellant;
MORTON JOHN BARNARD, of Chicago, of counsel.

EIGER, SIEGAL & ROTHENBERG, of Chicago, for appellee; IRVING J. SIEGAL, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Julius Barnard, trustee, brought suit against Leon R. Hollingsworth in the municipal court of Chicago to recover possession of apartment 2-B at 7746 North Haskins avenue, Chicago. A trial before a jury resulted in a verdict for the defendant. Plaintiff's motion for a new trial was allowed. On a second trial the defendant again prevailed. Plaintiff's motion for judgment notwithstanding the verdict was overruled and judgment was entered for the defendant. Plaintiff appeals.

Defendant occupied the apartment under a written lease and had been a tenant in the building for several years. The first lease, dated February 25, 1943, was for the term commencing May 1, 1943, and expiring April 30, 1944. The last lease, dated July 2, 1947, was for the term commencing that date and expiring on December 31, 1948. These leases contained the usual clauses found in most apartment leases, including the following provisions:

"14. . . . in case of the breach of any covenant in this lease, Lessee's right to the possession of the demised premises thereupon shall terminate without notice or demand, and the mere retention of possession thereafter by Lessee shall constitute a forcible detainer, and if the Lessor so elects, but not otherwise, this lease shall thereupon terminate, and upon the termination of Lessee's right of possession, as aforesaid, whether this lease be terminated or not, Lessee agrees to surrender possession of the demised premises immediately . . . .

230

"15. Lessee hereby waives all notice of any election by Lessor hereunder, demand for rent, notice to quit, demand for possession and any and all notices and demands which may or shall be required by any statute of this State relating to forcible entry and detainer, or to landlord and tenant, or any other statute or law.

"16. The acceptance of rent after it falls due, or after knowledge of any breach hereof by Lessee, or the giving of any notice or making any demand, whether according to any statutory provision or not, or any act or waiver other than written waiver shall not be construed as a waiver of Lessor's right to act without notice or demand or of any other right hereby given Lessor, or as an election not to proceed under the provisions of this lease.

"20. The rules and regulations contained on the reverse side hereof and hereby made a part of this lease and Lessee shall observe the same. Failure to keep and observe said rules will constitute a breach of the terms of this lease in the same manner as if contained herein as covenants, and a failure to observe the same shall be of the same effect. . . ."

On the reverse side of the lease certain rules and regulations were printed, No. 7 reading as follows: "Animals, birds or reptiles are not allowed on demised premises." On November 12, 1947, plaintiff caused to be served on defendant a notice reading:.

"This is to notify you the dog which you are keeping in your apartment must be disposed of by December 12, 1947. You, of course, know you are violating Article 7 of your lease, and the owner of the building will consider your lease canceled as of December 12, 1947, if the dog is on the premises at that time. We trust you will comply with the above request."

Defendant received a copy of the notice about November 13, 1947. On November 26, 1947, defendant and

his wife called upon plaintiff and requested him to extend the time designated in the notice. Plaintiff told defendant that he, plaintiff, would give defendant until February 1, 1948 to get rid of the dog, or to move. Defendant did not get rid of the dog by February 1, 1948. On or about February 1, 1948, plaintiff served a notice upon defendant that because of the latter's failure to remove the dog from the apartment, his lease dated July 2, 1947 had been terminated on that date. Defendant is still in possession and has the dog in the apartment.

■ ■ The rule on the back of the lease that animals, birds or reptiles shall not be allowed on the premises is a part of the lease, and the keeping of a dog by the tenant constitutes a breach of the lease, entitling a landlord to judgment in an action of forcible detainer. See *7039 Wentworth Avenue Bldg. Corp. v. Trough,* 332 Ill. App. 635, and *Seay & Thomas v. Doyle,* 331 Ill. App. 76. Even if plaintiff had actual knowledge of the fact that defendant kept a dog on the premises at any time prior to service of notice requiring compliance, such knowledge would not prevent plaintiff from thereafter insisting upon a strict compliance with the lease, nor mean a waiver thereof after service of notice demanding compliance. See *Vintaloro v. Pappas,* 310 Ill. 115, and *Burch v. Hickman,* 330 Ill. App. 155 (Abst.). In the *Burch* case, an opinion published in abstract form, the court said:

"In the instant case, plaintiff having known that defendant was keeping roomers in the apartment for many years, contrary to the provisions of the lease, waived the right to forfeit the lease until and unless she gave notice that she would insist upon the terms of the written lease, which was done in the instant case."

■ Defendant does not dispute these propositions. He contends, however, that at the time of the execution

of the lease there was a waiver of the provision against the keeping of a dog; that he made a contract with the defendant "in apparent mutual disregard" of that provision; that plaintiff waived the provision as effectively as if he had crossed it out in ink; that if plaintiff did not want dogs on the premises he could have refused a new lease; and that he is bound by the waiver to the end of the term. There was evidence that plaintiff or his agent acquired knowledge of the presence of the dog, and had such knowledge during the period of the previous lease, at the time the current lease was executed and subsequently thereto. Defendant's argument that the provision in the lease as to the keeping of a dog was waived at the time the lease was executed is not sound. The fact that the lease contains the provision contradicts defendant's contention. He suggests that if plaintiff did not want dogs on the premises he should have refused a new lease. The converse of this proposition is also true. The fact remains that the parties did execute a lease with a provision against dogs. If defendant's contention were sustained it would mean that once a tenant had breached a provision in a lease without penalty, there is nothing the lessor can ever do to enforce that provision. The effect would be to nullify the plain wording of the lease and to place the lessor at the mercy of a tenant who flouts the provisions of the lease.

██ The service of a notice gave defendant an opportunity to comply with the provision of the lease. Defendant was given the option of getting rid of the dog or moving. He had ample opportunity to avoid the termination by eliminating the dog, not only within the 30-day period specified in the notice, but also within the additional period given upon his entreaty. Under the admitted facts plaintiff had the right to terminate the lease. Therefore, the judgment of the municipal court of Chicago is reversed and the cause

is remanded with directions to enter judgment for possession for plaintiff and against defendant.

*Judgment reversed and cause remanded with directions.*

KILEY and LEWE, JJ., concur.