**Robert M. Doerr, Appellant, v. Esma B. Maher, Appellee.**

**Gen. No. 44,458.**

Opinion filed March 1, 1949. Released for publication April 26, 1949.

James Paul DeLaney, of Chicago, for appellant.

Samuel H. and Benjamin Shapiro, both of Chicago, for appellee; Maurice L. Davis, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

This appeal by plaintiff from an adverse judgment in a forcible detainer proceeding, wherein plaintiff sought to obtain possession of a second-floor apartment at 10146 South Park avenue in Chicago, presents an extraordinary record. No evidence whatever was adduced upon the hearing. A written lease between the parties which expired April 30, 1946, some two years before suit was filed, was marked for identification but not offered or received in evidence. There is no evidence of any hold-over tenancy or as to the terms under which defendant occupied the apartment subsequent to the expiration of the written lease. The hearing was conducted by means of a conversational interchange between court and counsel, a mode of trial too often recently pursued in the municipal court in forcible detainer proceedings. At the conclusion of the colloquy the court entered judgment for defendant.

Defendant's counsel advised the court that his client was the owner of a parrot which had resided with her as a member of the household for the preceding four years, without any objection from plaintiff. Evidently the parrot did not impinge on the tranquility of the menage, because plaintiff's counsel informed the court that ''we are not claiming a nuisance.'' Belatedly, in 1948, plaintiff decided to invoke rule 7 printed on the back of the expired lease, which prohibited the keeping of animals, birds or reptiles, and without notifying defendant that he considered the domiciling of the parrot a breach of the lease, plaintiff instituted this eviction proceeding. The parrot was voluntarily removed from the apartment by defendant on the morning of the trial

without being permitted to speak or have "his day in court."

A clause in the expired lease permitted waiver of any provision thereof only in writing, and plaintiff relies principally on this stipulation. Giving him the benefit of the contention that there was a hold-over tenancy under the old lease, although there is no evidence to that effect, he still cannot prevail because of the rule, recently enunciated in *Becker v. Morstadt,* 381 Ill. 422, that parties to an agreement under seal may, by parol or the conduct of the lessor, waive the performance of certain covenants contained therein, thereby abrogating its provisions; this rule is based on the doctrine of equitable estoppel. In *Waukegan Times Theatre Corp. v. Conrad,* 324 Ill. App. 622, the court held that a clause in a lease permitting waiver of any provisions thereof only in writing may itself be waived; and that such a clause has no force as to waivers implied by law from the conduct of the lessor amounting to an estoppel. In the case at bar the only fair inference from the scant record presented is that the lessee had been led by the conduct of the lessor to believe that strict compliance with rule 7 would not be insisted upon, and it would be manifestly unfair to permit a forfeiture of the lessee's right after four years of implied consent by the landlord to the keeping of a parrot, without any prior notice before commencement of suit that the rule would thereafter be strictly enforced. (*Barnard v. Hollingsworth,* 336 Ill. App. 228.)

Plaintiff utterly failed to make out a case upon which the court would have been justified in entering judgment in his favor. Accordingly the judgment of the municipal court is affirmed.

*Judgment affirmed.*

Sullivan, P. J., and Scanlan, J., concur.