Associated Cotton Shops, Inc., Plaintiff-Appellant, v. Evergreen Park Shopping Plaza of Delaware, Inc., Defendant-Appellee.

Gen. No. 48,037.

First District, Third Division.

October 20, 1960.

Harold A. Fein, of Chicago, for appellant.

Sonnenschein, Lautmann, Levinson, Rieser, Carlin, and Nath, of Chicago (Edwin A. Rothschild and Shelby Yastrow, of counsel) for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

A judgment was entered in the Circuit Court of Cook County dismissing a complaint for declaratory and injunctive relief filed by the Associated Cotton Shops, Inc. (hereafter referred to as the plaintiff), and in the same order a judgment was entered for Evergreen Park Shopping Plaza of Delaware, Inc. (hereafter referred to as the defendant), on its counterclaim for possession of certain demised premises.

The plaintiff in its complaint alleged that it was a tenant of the defendant under a written lease and that

the defendant had served plaintiff with notice of termination of the lease as of March 31, 1959, and prayed the court to declare its right to retain possession after the termination date and enjoin the defendant from bringing proceedings for eviction. The defendant, after the termination date (March 31, 1959), answered, asserted its right to possession and filed a counterclaim for possession. The plaintiff filed a reply to the answer, and also an answer to the counterclaim. A "Notice to Admit Facts" was filed by defendant, to whether plaintiff filed an unsworn statement in response. The defendant thereupon moved for summary judgment on the pleadings and the admissions of facts. No counteraffidavits were filed. The court, after hearing, sustained the motion for summary judgment and entered the judgment order which is now before us on appeal.

The plaintiff contends (1) that the provision of the lease involved herein constituted a restraint on the alienation of property and as such is obnoxious to the public policy of the State of Illinois and illegal; (2) that there were material issues of fact involved herein; (3) that the defendant by its conduct waived any right it might have acquired under the provisions of the lease; and (4) that the court erred in denying plaintiff leave to file an amendment to its answer to the counterclaim setting out the defense of waiver.

The defendant owns the Evergreen Park Shopping Plaza. Defendant leased one of the stores in the shopping center to a certain corporation which assigned the lease to a second corporation, which in turn assigned it to the plaintiff. The first two corporations were wholly owned subsidiaries of the plaintiff. All assignments were in compliance with the terms of the original lease. The lease was for a term of ten years, commencing July 1, 1952, "unless sooner terminated as hereinafter provided." Other provisions of the

471

lease required the tenant to surrender possession of the premises upon termination of the lease, whether by lapse of time or otherwise. The lease contained the ordinary provision by which the tenant agrees not to sell, assign, mortgage, or in any manner to transfer the lease or any interest thereunder, nor to sublet the leased premises without the previous written consent of the landlord. In addition the lease contains the following clause:

> "Article 24. If Tenant is a corporation and if at any time during the term of this Lease, any part or all of the corporate shares shall be transferred by sale, assignment, bequest, inheritance, operation of law or other disposition so as to result in a change in the present control of said corporation by the person or persons now owning a majority of said corporate shares, Landlord may terminate this Lease and the demised term at any time after such change in control by giving Tenant sixty days' prior written notice of such termination."

A copy of the lease was attached to the complaint, as was a copy of a notice served upon the plaintiff by the defendant, which stated that the defendant was "advised through the publication of a newspaper article in the Chicago Daily Tribune of December 3, 1958 that all of the capital stock of the Associated Cotton Shops, Inc. has been sold and transferred to A C Stores, Incorporated, which will effect a change in control of the Associated Cotton Shops, Inc.," and, after setting out in full Article 24 of the lease, the notice further stated that the landlord by virtue of that article had elected to terminate the said lease effective as of March 31, 1959.

In its answer to plaintiff's complaint the defendant alleged that all the corporate shares of the plaintiff

472

were sold or otherwise disposed of so as to result in a change of control of the plaintiff corporation by persons then owning a majority of the corporate shares, and in its counterclaim the defendant further alleged that the lease had been terminated on March 31, 1959, and prayed for possession.

The plaintiff's reply to the answer and answer to the counterclaim alleged that the plaintiff had tendered, prior to April 1st the April rent, which the defendant had refused, and admitted that in November 1958 the shareholders of the plaintiff corporation sold to the A C Stores, Incorporated all of the capital stock of the plaintiff corporation, but denied that as a result thereof there "has been any change in control of the plaintiff corporation or in the policy and operation of the business of the plaintiff" at the demised premises. In the reply to the notice to admit facts the plaintiff also admits the sale of its shares to A C Stores, Incorporated.

The plaintiff first contends that Article 24 of the lease should be held void as a matter of public policy since it constitutes a restraint on the right of alienation of property. This is a case of first impression in this State. Nor have we found any cases elsewhere construing such a clause.

 A provision in a lease which prohibits the lessee from subletting the premises or assigning the lease is valid, and by the terms of the lease a violation thereof may terminate the leasehold. A lease may also by its terms be made terminable before the expiration of the term stated therein at the option of one of the parties, and the lease may provide that such option may be exercised on the happening of certain conditions or contingencies. 24 I. L. P., Landlord and Tenant, sec. 172; Gunn v. Montgomery Ward & Co., Inc., 351 Ill. App. 374, 115 N.E.2d 111; 51 C. J. S., Landlord and Tenant, sec. 91. Such provisions must be con-

strued in accordance with their import, and the option must be exercised in the manner provided in the lease. On the happening of the conditions or contingencies so stipulated the right to terminate the leasehold becomes absolute.

In the instant case the lease provided that when the lessee is a corporation, if at any time during the term of the lease any part or all of the corporate shares shall in any way be transferred "so as to result in a change in the present control of said corporation by the person or persons now owning a majority" of the corporate shares, the landlord may terminate the lease and the term "at any time after such change in control by giving Tenant sixty days' prior written notice of such termination." In the case at bar all of the capital stock of the lessee was sold to another corporation. Under the provisions of the lease the lessor, the defendant here, then had the right, by giving sixty days' notice to the lessee at any time after such transfer, to terminate the lease. This was not a provision for a forfeiture. It was a clause in the lease permitting the lessor, upon the happening of a designated event, to terminate the leasehold upon complying with the notice provisions therein set forth. Such a provision is a condition subsequent. In Restatement of the Law of Property, sec. 24, it is stated:

"The term 'condition subsequent' denotes that part of the language of a conveyance, by virtue of which upon the occurrence of a stated event the conveyor, or his successor in interest, has the power to terminate the interest which has been created subject to the condition subsequent, but which will continue until this power is exercised."

In the case of a limitation the term is limited to the time of the happening of the contingency and when the contingency happens the estate is terminated as if the

474

term had expired. Hanley Falls Creamery Co. v. Milton Dairy Co., 126 Minn. 226, 148 N. W. 46; 52 L. R. A. (N. S.) 718, together with notes and annotations; Nitardy v. Thayer, 275 Wis. 459, 82 N.W.2d 325. While in many cases it is very difficult to distinguish between a limitation and a condition subsequent, it would seem that the term "forfeiture" should not be used in connection with contracts incorporating a condition subsequent. A forfeiture of a leasehold is brought about when the lessee violates some covenant or conditional limitation contained in the lease which gives the lessor the right of termination. 51 C. J. S., Landlord and Tenant, sec. 104. It is in the nature of a penalty for doing or failing to do a particular thing, such as using the premises for a purpose prohibited by the lease, failure to pay rent, and the like, and results from a failure to keep an obligation. Rankin v. Homestead Golf & Country Club, 135 N. J. Eq. 160, 37 A.2d 640.

■ Provisions in a lease are generally strictly construed against the lessor. This means that where the language is ambiguous all intendments must be indulged in favor of the lessee. However, where the language is not ambiguous the lease must be construed in accordance with the ordinary canons of construction. Waukegan Times Theatre Corp. v. Conrad, 324 Ill. App. 622, 59 N.E.2d 308. Article 24 is clear, definite and unambiguous, and, applying the strictest canons of construction, it means exactly what it says.

■ A lessor may provide in the lease that a lessee cannot assign his leasehold interest nor sublet the demised premises without the consent of the lessor. It has also been held that the ordinary provisions in a lease prohibiting assignments or subletting will not apply in a case where the stockholders of the corporate lessee dispose of all their stock. Posner v. Air Brakes & Equipment Corp., 62 A.2d 711 (N. J.); Alabama

Vermiculite Corp. v. Patterson, 124 F. Supp. 441; Burrows Motor Co. v. Davis, 76 A.2d 163 (D. C.). As a lessee a corporation by its very nature stands in a different position than a natural person. Both the corporation and the natural person constitute in themselves complete legal entities.

 ██ The lessor can prohibit either a natural person or a corporation from assigning a lease. The effect of that provision is much different when it is applied to a corporate lessee. When a corporation transfers all its stock the control of the corporation is also transferred. The legal entity of the corporate lessee remains the same, but its essence is different. Such a transfer would be to all intents and purposes a substitution of a lessee, although, by fiction of law, in name the corporate lessee remained the same. In the case of a shopping center such as this, due to the fact that the owner of the property leases to various types of stores in close proximity to each other, it becomes even more essential that the lessor should not have tenants forced upon him who for some reason or other he considers undesirable and whose presence in his premises might adversely affect his entire investment in the property. His right to protect himself against an assignment of the lease or a subletting is adequate protection when the lessee is a natural person. By this additional clause he can adequately protect himself when the lessee is a corporation. This clause does not prohibit the sale of corporate stock by the stockholders. It only applies when the sale changes the control of the corporation. This is not a restraint on the alienation of property, and in our opinion can in no way be said to be opposed to public policy nor to impose any unreasonable restraint upon the shareholders of the corporation. In the instant case the corporate lessee signed the lease with full knowledge of the fact that this clause was contained

therein. It must be bound by the provisions of the clause.

The plaintiff further contends that there were genuine issues of material fact raised by the pleadings which were unresolved at the time the summary judgment was entered. The summary judgment was based on the pleadings, together with the notice to admit facts served upon the plaintiff by the defendant and the plaintiff's unsworn statement entitled "Statement in Response to Notice to Admit Facts." Rule 18 of the Supreme Court provides that where a written request for admission of facts has been properly served upon a party to the suit, all of the matters upon which an admission is requested are admitted unless the party to whom the request is made takes some appropriate action thereto within ten days. In the present case, considering the request for admissions of fact together with the response filed by the plaintiff, there was an admission that the plaintiff corporation had sold all of its corporate shares to A C Stores, Incorporated, and that subsequent to the date of the sale none of the persons who were shareholders, directors or officers of the corporation prior thereto has had any interest in or control of the corporation. Plaintiff's response that certain persons who were, before the sale, shareholders, directors or officers of the corporation retained certain affiliations with the plaintiff in the operation of plaintiff's business after the sale date is not sufficient to negate the admission that they retained no control of the corporation. At the time the summary judgment was entered the plaintiff had admitted that the stock had been transferred, that there had been a change in control of the corporation, that the defendant had given sixty days' notice of termination of the lease to the plaintiff, and that the date of termination had passed. Under those circumstances there was no issue of fact whatsoever for the court

to pass on. The court did all that he could do; that was to find the facts as admitted.

■■■ The defendant's counterclaim asked for possession of the premises. To the counterclaim the plaintiff had filed an answer, and on the day of the hearing asked leave to file an amendment to that answer, which request the court denied. The plaintiff here urges that such order of the trial court was erroneous. The only new matter set up in the amendment was a defense of waiver. That defense is based upon the fact that in the notice served by the defendant on the plaintiff terminating the lease the defendant stated that it had knowledge and notice of the sale of the corporate shares of the plaintiff corporation on or prior to December 3, 1958, and having such knowledge the defendant accepted rent from plaintiff for December 1958 and January 1959. The answer to that contention is that the defendant was exercising its right under the option, which allowed the lessor to terminate the lease if control of the corporate lessee changed. This clause differs from one terminating the tenancy upon assignment of the lease or for a failure to pay rent. In that case the provision is a conditional limitation and the lease is terminated forthwith even where it has been held that a notice must be given in order to implement the termination provision. In order to exercise the option in the instant case the lessor must give sixty days' notice. The serving of the notice constituted an election on the part of the lessor to assert the right given it by the lease to terminate the leasehold. The right of the lessor matured only on the service of the notice. The acceptance of rent by the lessor before that time was not a waiver. No act was done by the lessor after its election which would constitute a waiver thereof. Prior to the service of the notice the lessor's right was a potentiality and it appeared as a right when the lessor exercised its option.

51 C. J. S., Landlord and Tenant, sec. 117, p. 706; Seay & Thomas v. Doyle, 331 Ill. App. 76, 72 N.E.2d 645.

 The plaintiff also argues that the failure of the defendant to serve the notice immediately following the time when it first knew of the sale of the stock, in itself, without considering any question of the payment of rent, constituted a waiver. The rule is ordinarily that in the case of options such as this, where no time is fixed within which the lessor may take advantage of the option, a reasonable time is presumed. Storey v. 199 Lake Shore Drive, Inc., 317 Ill. App. 380, 46 N.E.2d 984. In the instant case the lease provided that the lessor might serve a notice at any time after the sale of the stock and the change of control. It cannot be said that a delay of thirty-five days would change the position of the parties. The defendant waived none of its rights under the provisions of the lease. The filing of the amendment to the answer to the counterclaim would have been an idle gesture. The court properly refused to permit it to be filed.

None of the cases cited by the plaintiff contravene the conclusion reached by us. We find no error in the record, and the judgment of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.