ANDREWS, Judge.
The appellant Altiere, plaintiff below, appeals an order dismissing his complaint for accrued rent under a lease. The defendant-appellee, Atlantic National Bank of West Palm Beach, is the Executor of the deceased lessee.
The plaintiff leased apartment space to the appellee’s decedent for a term of 36 months, rental payments thereunder to be-paid in monthly installments of $180.00. The lessee Mortensen died on March 24,. 1961, some twenty months prior to the-expiration date of the lease. The plaintiff' filed a claim for unpaid rental accruing, subsequent to the death of Walter Morten-sen and the executor, the defendant, rejected the claim. Plaintiff sought judgment, for $1,980.00, the rent accrued from April’. 1, 1961 to February 1, 1962, the date preceding suit.
The lower court granted the defendant’s-motion to dismiss on the grounds that the allegations of the amended complaint were not consistent with the provision dealing-with the amount of rent payable upon default.
The lease provided:
“And the lessee hereby covenants and' agrees that if default is made in the-payment of rent as above set for or any part thereof, or if the said lessee or family shall violate any of the covenants, agreements and conditions, of this lease, then the lessee shall be- ■ come a tenant at sufference, hereby waiving all right of notice to vacate said premises, and the lessor shall be • entitled to re-enter and retake posses- • sion immediately of the demised prem- ■ ises, and the entire rent for the rental' period next ensuing shall at once be due - and payable * *
*695 The plaintiff claims that he elected to “stand by and do nothing and sue the tenant as each rental installment matured” as allowed by Williams v. Aeroland Oil Co., 1944, 155 Fla. 114, 20 So.2d 346, and that he simply treated the unexpired term of the lease as unsurrendered and unterminated upon the breach of the covenant relating to rental payments.
The defendant, on the other hand, contends that under the default provision, which operated automatically to terminate the lease upon the lessee’s failure to pay the rent, the plaintiff was entitled to only one month’s rent.
The issue involved is, therefore, whether the above quoted provision of the lease operated automatically to terminate the lease upon the failure of the lessee to make the rental payments when they were due or whether it gives the lessor a waivable option to terminate the lease.
 It is a general rule that provisions in leases for their forfeiture upon the breach of the lessee’s covenants are for the benefit of the lessor, and he has the election to determine whether he will insist upon the forfeiture or not. Baker v. Clifford-Mathew Inv. Co., 1930, 99 Fla. 1229, 128 So. 827; 32 Am.Jur. Landlord and Tenant § 849; 51 C.J.S. Landlord and Tenant § 117; Annot., 118 A.L.R. 283 (1939). The breach of a condition or covenant for which a forfeiture is expressly provided does not automatically terminate the lease. There must be some act upon the lessor’s part evidencing his intention to treat the lease as actually forfeited. Howard v. Manning, 1920, 79 Okl. 165, 192 P. 358, 12 A.L.R. 819.
In 32 Am.Jur. Landlord and Tenant § 825, at page 702, it is said:
“ * * * In the early cases, a provision that a lease should become void on the tenants default in the performance of stipulations was construed as a limitation, ipso facto terminating the estate on the happening of the contingency. It was soon discovered, however, that in practical application this enabled the tenant to nullify the lease merely by taking advantage of his own default, and the great weight of authority is now that whatever the form of language used, whether adopted to the creation of a special limitation or a condition subsequent, the provision will be construed as the latter unless a contrary intent is clearly expressed. Also, where the provision is for the cessation of the lease in case of some contingency dependent on the conduct of the lessee, the courts will construe it not as a special limitation on the term, btit as d condition subsequent, vesting in the lessor a waivable option to terminate the lease.” (Emphasis supplied.)
This view was adopted by the Supreme Court of Florida in the Baker case, supra. In that case the lessor sought to obtain possession of the premises on the theory that by not paying the rent the lessee forfeited the leasehold estate. The court, rejecting the lessor’s theory, said:
“The rule seems firmly established by all the decisions both in England and America that however absolute and certain the words of forfeiture may be, even though they shall expressly declare the lease null and void or at an end, they will be always construed as meaning that it is voidable merely and this at the option of the lessor.”
In the above case the lessor claimed the forfeiture was automatic, while in the instant case, the lessee is making the claim. The strict rules applicable to forfeitures when claimed by lessors apply with like force to lessees who attempt to take advantage of cancellation provisions for their own benefit, and it must be shown that the contingency arose without fault on the part of the lessee. He will not be allowed, by taking advantage of his own default, to escape liability on a burdensome contract. Unity Co. v. Gulf Oil Corpora *696 tion, 1944, 141 Me. 148, 40 A.2d 4, 156 A.L.R. 297. Furthermore, it cannot be presumed that the lessee desired, when the lease was entered into, that its default should of itself operate as a forfeiture of its right to continue to hold under the lease, nor does the use of the word “shall” in the lease take the case out of the general rule. Hanley Falls Creamery Co. v. Milton Dairy Co., 1914, 126 Minn. 226, 148 N.W. 46, 52 L.R.A.,N.S., 718.
Although there are no Florida cases involving the same facts as the case at bar, there are many in other jurisdictions. Macha v. Eastern Connecticut Training School for Firemen, Inc., 1962, 24 Conn. Sup. 151, 187 A.2d 638; Vincent v. Kaser Construction Co., 1963, Iowa, 125 N.W.2d 608; Board of Commerce and Navigation v. Bermann, 1946, 134 N.J.L. 607, 48 A.2d 893; Creveling v. West End Iron Co., 1888, 51 N.J.L. 34, 16 A. 184.
In the Vincent v. Kaser Construction Co. case, supra, the lessee claimed he had a right to declare the lease cancelled by reason of a clause in the lease which read: “Failure to make any such payments shall terminate this lease.” The court rejected the lessee’s argument, and stated that:
“[T]he provision to pay rent under a lease which contains a condition that the lease shall terminate on such failure constitutes a condition subsequent. The lessor has the option to terminate the lease if he so elects, but the lease is not automatically terminated for the reason that the lessee may not take advantage of its own nonperformance of a contractual duty.”
And in the Macha case, supra, it was held this option existed even though the lease omitted the words “at the option” or “at the election” of the lessor.
We are of the opinion that the defendant should have been denied the advantage of their own default and that the trial judge erred m granting the defendant’s motion to dismiss. The judgment is, therefore, reversed and remanded for further proceedings consistent with this opinion.
Reversed.
SHANNON, Acting C. J., and KAN-NER (ret.), J., concur.