PRESTON A. HIGGINS & Co., Plaintiff-Appellee, *v.* JULIAN STEVENSON *et al.,* Defendants-Appellants.

(No. 59777;

First District (1st Division)—April 21, 1975.

Chester L. Blair, of Chicago, for appellants.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Alvin G. Hubbard and Paul V. Kaulas, of counsel), for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Plaintiff landlord, Preston A. Higgins & Co., filed an action for the possession of an apartment located at 9106 South Wentworth Avenue in Chicago. Plaintiff alleged that it validly terminated the 5-year lease of defendants lessees, Julian and Taftrene Stevenson, by tendering a timely notice to them pursuant to the provisions of a rider which contained a mutual right of termination clause. Both the rider and the printed lease were signed by the parties. In conspicuous typewritten language, the rider provides in pertinent part:

"Paragraph (4) of said lease is hereby stricken out and deleted, and there is substituted in lieu thereof the following:

(4) Either Lessor or Lessee may terminate this lease at any time during the term or any renewal or extension hereof upon no-

tifying the other by written notice thirty days in advance of such termination, which termination shall be effective thirty days after the effective date of such notice regardless of the dates when the installments of rent shall be payable."

Defendants replied with the affirmative defenses that plaintiff fraudulently misrepresented the terms of the lease agreement; that the effectiveness of the rider was conditioned on a breach of one of the lease's terms; and that the rider itself was unconscionable and unenforceable because of plaintiff's superior bargaining power.

The trial court struck the latter two of defendants' affirmative defenses, but allowed the defendants to proceed to trial on the charge of fraudulent misrepresentation. After receiving evidence before a jury, the court granted a directed verdict for the plaintiff due to defendants' failure to prove fraudulent misrepresentation. The only issue raised on appeal is whether the court erred in striking the affirmative defense alleging that the rider was subject to a conditional precedent.

At trial, Mrs. Taftrene Stevenson testified that the apartment building manager told her that the provisions of the rider meant that if the Stevenson's, as lessees, violated any rules or regulations of the lease, the landlord could evict them by giving a 30-day notice. Defendants contend that the jury should have been permitted to consider Mrs. Stevenson's testimony as evidence that both parties construed the rider to contain a condition precedent. Because plaintiff's agent allegedly knew that defendants understood the rider to be subject to a condition precedent, defendants claim that their affirmative defense would have enabled a jury to determine what meaning both parties intended to give to the rider's provision. We cannot concur in defendants' position.

■■ A lease may provide for termination before the expiration of its term at the option of either of the parties to the lease agreement. (*Associated Cotton Shops, Inc., v. Evergreen Park Shopping Plaza of Delaware, Inc.,* 27 Ill.App.2d 467, 170 N.E.2d 35.) The language of the rider, attached to the front of the printed lease, is clear. The termination clause is unconditional and absolute on its face providing for termination by either the lessor or the lessee effective 30 days after the tender of a written notice. It is unnecessary to go beyond the writing for further interpretation.

■■ In order to protect parties from untrustworthy or doubtful evidence which attempts to alter their agreement, the courts have adopted what is known as the parol evidence rule. The rule is one of substantive law which defines the legally sufficient subject matter to be interpreted. The holding in *Armstrong Paint and Varnish Works v. Continental Can*

*Co.*, 301 Ill. 102, 106, 133 N.E. 711, provides the appropriate application of the rule to the facts at bar:

> "All conversations and parol agreements between the parties prior to the written agreement are so merged therein that they can not be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that expressed in the written agreement."

The court correctly admitted Mrs. Stevenson's testimony to prove fraud on the part of plaintiff's agent. However, the evidence presented did not establish that plaintiff's agent was guilty of fraudulent misrepresentation. Having failed to adequately prove fraud, defendants cannot offer Mrs. Stevenson's testimony for the purpose of adding to the termination clause a new limitation which is not contained in the writing itself. Defendants do not have a right to establish a different contract from that which is expressed in the writing before us. (*Armstrong Paint and Varnish Works v. Continental Can Co.*, 301 Ill. 102, 133 N.E. 711.) The fact that defendants, due to ignorance of the lease's contents, did not intend to execute the terms of the agreement is immaterial. Failure to read a document carefully, or not be self-informed, is no defense. Mature adults have a duty to be fully advised as to the nature of the contents of a binding agreement. *Black v. Wabash, St. Louis & Pacific Ry. Co.*, 111 Ill. 351.

Furthermore, we find nothing in the other provisions of the lease which limits the unconditional language of the rider to an initial breach by the lessee as a condition to the lessor's power of termination. We would not be justified in adding a condition precedent to a termination clause which gives either party the unconditional right to terminate after 30 days' notice. See *Reconstruction Finance Corp. v. Sherwood Distilling Co.* (4th Cir. 1952); 200 F.2d 672.

For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.