BAIRD & WARNER, INC., Plaintiff-Appellee, v. AL-PAR, INC., Defendant-Appellant.

First District (4th Division)   No. 1—88—1107

Opinion filed March 16, 1989.—Rehearing denied June 19, 1989.

Gary A. Weintraub, P.C., of Chicago, for appellant.

Richard F. O'Malley, Jr., and James A. Huttenhower, both of Sidley & Austin, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal by defendant, Al-Par, Inc., from an order of possession entered by the circuit court of Cook County in favor of plaintiff, Baird & Warner, Inc., for the premises located at 5301 South Hyde Park Boulevard in Chicago, Illinois. The sole issue presented for review is whether the trial court erred in finding that plaintiff's letter demanding strict compliance with the parties' lease cured any prior waivers with respect to use of the premises.

We affirm.

On November 16, 1982, defendant executed a five-year lease with plaintiff for the premises located at 5301 South Hyde Park Boulevard. Defendant was to use the premises as a "Health and Beauty Aid store." The lease provided, in pertinent part, the following:

"1. Lessee shall pay Lessor or Lessor's agent as rent for the Premises the sum stated above, monthly in advance, until termination of this lease, at Lessor's address stated above or such other address as Lessor may designate in writing.

* * *

4. *** Lessee will not allow the Premises to be used for *** any purpose other than that hereinbefore specified. ***

***

6. Lessee shall keep the Premises and appurtenances thereto in a clean, sightly and healthy condition, and in good repair, all according to the statutes and ordinances in such cases made and provided, and the directions of public officers thereunto duly authorized, all at his own expense ***.

* * *

9. Lessee shall not attach, affix or exhibit or permit to be attached, affixed or exhibited, except by Lessor or his agent, any articles of permanent character or any sign, attached or detached, with any writing or printing thereon, to any window, floor, ceiling, door or wall in any place in or about the Premises, or upon any of the appurtenances thereto, without

in each case the written consent of Lessor first had and obtained ***.

* * *

13. *** The acceptance of rent, whether in a single instance or repeatedly, after it falls due, or after knowledge of any breach hereof by lessee, or the giving or making of any demand, whether according to any statutory provision or not, of any act or series of acts except an express written waiver, shall not be construed as a waiver of lessor's right to act without notice or demand or of any other right hereby given Lessor, or as an election not to proceed under the provisions of this lease.

* * *

19. *** The Lessor may collect and receive any rent due from Lessee, and payment or receipt thereof shall not waive or affect any such notice, demand, suit or judgment, or in any manner whatsoever waive, affect, change, modify or alter any rights or remedies which Lessor may have by virtue hereof.

***

21. *** (d) The rights and remedies hereby created are cumulative and the use of one remedy shall not be taken to exclude or waive the right to use another."

Plaintiff alleges that over the course of almost five years defendant breached the lease by failing to send rent in advance to a specified address in violation of paragraph 1; using the store to sell a myriad of items outside of health and beauty aid products in violation of the use provision in paragraph 4; allowing the premises to deteriorate to the extent that members of the community complained about its unsightly appearance in violation of paragraph 6; and displaying various signs without the prior written consent of plaintiff in violation of paragraph 9.

Gregory McGovern, plaintiff's property manager, sent a letter to defendant on September 30, 1987, demanding strict compliance with the lease, specifically paragraphs 1, 4, 6, and 9, by November 1, 1987.

On October 14, 1987, in response to McGovern's letter, defendant's attorneys sent a letter stating that it would send rent payments to the specified address and that the window signs would be removed. Defendant also stated that it was understood that ancillary items could be sold. Defendant denied that the premises were unsightly. Defendant also refused to remove the exterior window signs, claiming that prior approval had been given. Defendant further as-

serted that plaintiff waived any objections by virtue of the length of time that it had engaged in the complained of activities without notice of disapproval from plaintiff.

Defendant had not complied with plaintiff's demands by November 1. Although late and not sent to the specified address in the letter of compliance, McGovern received a check on November 4. On November 6, McGovern visited the premises to determine whether the violations set forth in the compliance letter had been remedied. After finding that defendant had not taken any steps towards compliance, the November rent check was returned and a 10-day notice to quit was served on defendant.

On November 17, McGovern reported that defendant had not vacated the premises. At that time, a videotape was taken of the exterior of the store which showed that some of the signs were still in place. Further, various items of merchandise were visible in the store's window, giving it a cluttered appearance.

McGovern further reported that both the interior and exterior of the premises remained in the same unsightly condition. Items, he noted, that were not health and beauty aid related, *e.g.*, motor oil, lottery tickets, charcoal, groceries, household cleaners, electronic equipment, were still being sold.

Plaintiff filed a complaint for possession of the premises on November 18, alleging that defendant was in breach of paragraphs 1, 4, 6, and 9 of the lease.

Trial was held February 3, 1988. On February 9, final arguments were heard. The trial court found for defendant with respect to violation of the rent provision in paragraph 1. On March 25, the trial court entered an order in favor of plaintiff for possession of the premises. On July 12, the trial court issued a memorandum of findings *nunc pro tunc*. There were no written findings with respect to the unapproved signs.

The trial court found that although there appeared to be tacit waiver, for almost five years, of the use provision, plaintiff's letter demanding strict compliance negated the waiver. The court noted that there was no real attempt at compliance with the use provision. The court pointed out that paragraphs 13, 19, and 21(d) in the lease provided that waivers by the lessor were not continuous and may be negated by a demand for strict compliance, such as the letter plaintiff sent defendant.

Based on videotapes and witness testimony presented by both parties, the trial court also found that defendant failed to comply with the lease requirement that the premises be maintained in a

clean, sightly and healthy condition. There was no compliance even after the demand for strict compliance had been made. This factual issue was, therefore, resolved in plaintiff's favor.

■ An appellate court takes a deferential approach to findings made in the trial court on disputed factual issues, but the scope of review on questions of law is independent, not deferential. (*Havens v. Miller* (1981), 102 Ill. App. 3d 558, 567.) The trial court is in a better position to determine the credibility of witnesses. (*Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 962.) The reviewing court will not substitute its judgment for that of the trial court unless an opposite conclusion is against the manifest weight of evidence. *S & D Service, Inc. v. 915-925 W. Schubert Condominium Association* (1985), 132 Ill. App. 3d 1019, 1021.

■ We do not find that the court's decision was against the manifest weight of evidence. The trial court looked at each party's videotapes and heard testimony of witnesses presented by both parties. We find that there was sufficient evidence to support the trial court's decision with respect to the cleanliness issue.

The question of law presented for review by this court is whether the trial court erred in finding that plaintiff's letter demanding strict compliance with the lease cured any prior waivers with respect to use of the premises.

The purpose of the lease was limited to a health and beauty aid store. Paragraph 4 provides that the lessee will not allow the premises to be used for any other purpose. Defendant contends that there was no breach since health and beauty aid stores would sell the various miscellaneous items sold on its premises. Defendant asserts that, from the outset of the lease, these various and sundry items have been sold.

The evidence reveals that defendant sold such items as radios, motor oil, circuit testers, paint brushes, cigarette papers, magazines, lottery tickets, pliers, frozen and canned foods, and radial tire repair kits.

■ The issue for a reviewing court to decide is not what is the common definition of a health and beauty aid store but whether the trial court's construction of the term in the lease was reasonable based on a consideration of its provision and language. *Belvidere South Towne Center, Inc. v. One Stop Pacemaker, Inc.* (1977), 54 Ill. App. 3d 958, 961.

We do not find that the trial court gave an unreasonable interpretation to the provision by finding that these items sold by defendant were beyond the use restrictions in the lease. We do, however,

find that plaintiff waived enforcement of the use provision prior to the time that plaintiff sent the letter demanding strict compliance.

■ A lessor may demand strict compliance at a future date even though it did not do so in the past. (*La Salle National Bank v. Helry Corp.* (1985), 136 Ill. App. 3d 897, 904.) A landlord may "simply notify the tenant that his actions are not consistent with the lease terms and that further deviations will not be tolerated and will be followed by termination of the lease. [Citations.]" *Steven W. Barrick & Associates v. Witz* (1986), 147 Ill. App. 3d 615, 620.

■ In the instant case, a letter of compliance was sent to defendant on September 30, 1987. The letter demanded that defendant cease in selling items that were outside of the use provision by November 1, 1987. The trial court found that the evidence presented was clear that there was no compliance or even attempted compliance by November 1. Termination of the lease, therefore, was appropriate under the circumstances. *Barrick & Associates,* 147 Ill. App. 3d at 620.

Defendant argues that letters demanding strict compliance are of no legal significance in cases involving violation of use provisions. This is simply wrong. Plaintiff correctly cites to cases where a demand for strict compliance was effective in nullifying previous waivers of use violations in residential leases. See *222 East Chestnut Corp. v. Murphy* (1950), 341 Ill. App. 430 (abstract of opinion); *Burch v. Hickman* (1947), 330 Ill. App. 155 (abstract of opinion).

Next, defendant argues that the test to determine the effectiveness of the waiver is whether the lessor had full knowledge of the lessee's breach. *Okey, Inc. v. American National Bank & Trust Co.* (1981), 96 Ill. App. 3d 987, 992-93, is cited by defendant for this proposition. *Okey* is distinguishable in that there a demand for strict compliance was not made upon the lessee.

■ Finally, defendant argues that it would be inequitable and create an unfair advantage to allow plaintiff to take possession after 4½ years into the five-year lease term after it has exercised its option to renew for a second five-year term. We do not agree. The most glaring inequity would be to allow a tenant to sell virtually anything in violation of his lease. According to defendant, a landlord would have no recourse since demands for compliance would be ineffective with respect to the use provisions.

In appropriate circumstances equity will enjoin forfeiture. (*Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506.) However, where a tenant's wilful acts defy compliance, equity will not interpose to grant relief from forfeiture. *Justine Realty Co. v.*

*American Can Co.* (1983), 119 Ill. App. 3d 582, 589-90; *Soltwisch v. Blum* (1973), 9 Ill. App. 3d 760, 763-64; *Barnard v. Hollingsworth* (1948), 336 Ill. App. 228, 232.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.