Ross v. Griebel.

## Lee D. Ross et al. v. George H. Griebel.

### Gen. No. 4,807.

LEASE—*when prior verbal agreements not competent to add to.* It is not competent to vary or add to a written lease by proof of a prior or contemporaneous agreement to make repairs.

Judgment by confession. Appeal from the Circuit Court of Mc-

Henry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed October 10, 1907.

EDWARD D. SHURTLEFF, for appellants.

JOHN B. LYON, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

In vacation after the May term, 1906, of the McHenry county Circuit Court, appellants, Lee D. Ross and Martha Dunham, by their attorney, confessed judgment in favor of appellee, George H. Griebel, for $254.20, the amount then due on a judgment note dated October 22, 1904. Afterward, in term time of said court, appellants interposed a petition verified by Ross, wherein they admitted the execution of the note upon which judgment was confessed and a lease in writing under seal for a period of two years of certain lands of appellee, and that the note, originally for the sum of $900 was given for the first year's rental accruing under the terms of such lease; and also the execution and delivery of another note in like sum for the second year's rental of said lands. The lease was signed by appellant Ross and for a valuable consideration appellant Dunham guaranteed Ross's performance of the covenants. The petition represented that on the date of the notes and lease, appellant Ross and appellee entered into a verbal lease or contract for the leasing of the premises demised in the written lease for the same rental and the same period; and that appellee stipulated and agreed with appellant, Ross, to fence or repair the fences and build a wind-mill and install a pump and tank on certain of the demised premises used for a pasture and not adjoining the main part of the leased lands, and to repair the buildings and erect a new wind-mill at the house, and that the repairs and improvements so agreed upon should be made by March 1, 1903, or as soon thereafter as appellee could get upon the leased premises; and that appellee did not at any time make or cause to be made such re-

Ross v. Griebel.

pairs or improvements, and that by reason of appellee's failure therein appellant Ross sustained damages amounting in the aggregate to $1,000 which he should be permitted to recoup from the rent accruing under the terms of the written lease evidenced by the note upon which judgment was confessed. The petition further represented that in the execution of the written lease all the terms of the verbal lease were not incorporated, nor were they omitted by the consent of appellant; and the petition prayed that the court vacate the judgment, permit the petitioner to plead to the declaration, and that the execution be quashed. December 24, 1906, the court denied the prayer of the petition and appellants excepted. Appellants perfected an appeal, pending which the court restrained the execution.

The only question presented by appellants' petition to the trial court and by this appeal for our consideration is, was oral testimony admissible to prove the terms of the verbal contract relative to the making by appellee of the improvements and repairs on the demised premises, which appellants contend was omitted from the lease?

Appellants claim that the contract set up in the petition being an entire verbal contract, only a part of which was incorporated in the written lease, the law is that the omitted portions may be established by parol testimony, notwithstanding it may add to and vary the terms of the written instrument and increase appellee's liability. All contracts in some sense are verbal contracts before being reduced to writing. Their terms and conditions must be talked over and agreed to, but when parties have reached an understanding and embodied their agreement in an instrument under seal, that instrument must be, not only the sole evidence of their contract, but in the absence of fraud or mistake, no parol agreement antecedent to, contemporaneous with or subsequent to its making can be used to vary, extend or modify any of the essential features or extend the liability of any of the parties thereto. "When a contract is reduced to writing, all matters of negotiation and discussion on the subject, antecedent to and dehors the writing are excluded, as being merged in

26

the instrument, unless offered to overthrow the contract as being fraudulent or illegal." 2 Kent's Com., 556. "No verbal explanations or stipulations will be permitted to vary an agreement in writing; and negotiations between parties, prior to or contemporaneous with the execution of an instrument, are merged in it, and cannot be reconsidered. Thus extrinsic evidence is generally inadmissible to show that the lessor at the time of executing a written lease, promised to repair or to supply deficiencies in the furniture of the leased premises." Taylor on Landlord and Tenant, section 44. It is well settled, "that a written contract, unambiguous in its terms, cannot be varied, contradicted or modified by parol evidence of anything that occurred at or prior to the time when such written contract was executed." 11 Am. & Eng. Ency. of Law, 2nd ed., page 548. In Telluride Power Co. v. Crane Co., 208 Ill., 218, the Supreme Court said: "The rule is that when the writings show, upon inspection, a complete legal obligation, without any uncertainty or ambiguity as to the object and extent of the engagement, it is conclusively presumed that the whole agreement of the parties was included in the writings." "A written contract, if unambiguous in its terms, cannot be varied, contradicted or modified by parol evidence of conversations relating to the subject matter of the contract, which occurred between the contracting parties before the execution of the contract. (Town of Kane v. Farrelly, 192 Ill., 521.) Nor can a sealed executory contract be altered, changed or modified by parol agreement. (Alschuler v. Schiff, 164 Ill., 298)." Schneider v. Sulzer, 212 Ill., 92.

The written lease of October 22, 1904, referred to by appellants in their petition and a part of the record in this case, is a complete contract under seal, unambiguous in its terms, is a lease or demise of the same lands covered by the verbal agreements claimed by appellant Ross to have been made between himself and appellee, and is presumed to have embodied the whole of their agreement made at that time, and all previous verbal agreements, if any there were, were merged into such written contract. It is not silent on the

question of repairs but contains the following clause: "The party of the second part shall keep said premises including the hedges and fences in proper and necessary repair; provided that the landlord shall furnish at Marengo station such material as he or his agent may consider needful to repair the said premises within a reasonable time after being notified, and the party of the second part shall haul said material to said premises," thus specifically providing upon what terms and by whom repairs should be made, and affording the only admissible evidence on that question. As appellants reduced their contract for the leasing of the land to writing and it not being ambiguous nor attacked for fraud or mistake, the writing must control. If a clause is omitted from a written contract by mutual mistake of the parties, still the contract as written must prevail at law. The trial court committed no error in holding that appellants' position did not present a case warranting the granting the prayer thereof to open the judgment and permit the petitioners to plead to the merits.

The judgment is affirmed.

*Affirmed.*