Charles M. Shenk and Emily J. Shenk, Appellants, v. Continental Illinois National Bank and Trust Company of Chicago et al. Appellees.

**Gen. No. 44,199.**

374

Opinion filed May 26, 1948.
Rehearing denied June 9, 1948.   Released for publication June 10, 1948.

ALFRED M. LOESER, of Chicago, for appellant; ED-
WARD L. RYBSTAT, of Chicago, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for
certain appellee; FRANK D. MAYER and THOMAS H.
ALCOCK, both of Chicago, of counsel.

THEODORE H. STENSLAND, of Chicago, for certain
other appellee.

HAROLD L. REEVE and EDWARD L. LUZZIE, both of
Chicago, for certain appellee.

MR. JUSTICE BURKE delivered the opinion of the
court.

On December 31, 1945, the Chandler Society, a corporation not for profit, filed a complaint in chancery in the circuit court of Cook county against Charles M. Shenk, Emily J. Shenk and Chicago Title and Trust Company, alleging that it was the owner of a parcel of real estate commonly known as 867 North Dearborn street, Chicago; that on March 16, 1945, the Shenks recorded an affidavit by Emily J. Shenk, wherein a purported lien against the real estate was set forth; and that the affidavit listed certain expenditures during 1942 and 1943, in return for which a "long term lease" was to be given to the Shenks. The complaint further represented that plaintiff acquired the fee of the premises on January 1, 1944 from the Continental Illinois National Bank and Trust Company of Chicago, subject only to a trust deed dated December 20, 1943 and recorded January 3, 1944, to the Chicago Title and Trust Company, as trustee, to secure plaintiff's note for $10,000, with interest thereon at 5½ per cent per annum; that on February 8, 1941, the bank, as lessor, demised the premises to Maude E. Parker, as lessee, for a term beginning May 1, 1941 and ending April 30, 1942; that on January 14, 1942, lessee assigned the lease to Charles M. Shenk with the consent of the bank; that on February 27, 1942, Charles M. Shenk leased the premises from the bank, pursuant to the terms of a written lease, for the period beginning May 1, 1942 and ending April 30, 1943; that on February 24, 1943, Charles M. Shenk leased the premises from the bank under a written lease for a period beginning May 1, 1943 and ending April 30, 1944; that lessor's rights under the last-mentioned lease were assigned to plaintiff by the bank on or about December 20, 1943; that plaintiff has since then "not entered into or executed" any lease demising the premises to Charles M. Shenk or to any other person; that the affidavit by Emily J. Shenk recorded on March 16, 1945, purports to assert and impress upon the premises a lien in favor

of Emily J. Shenk in the amount of $5,166.61, and constitutes a cloud upon plaintiff's title; that the statements and representations contained in the affidavit are false and untrue; that Emily J. Shenk is occupying the premises and operating a rooming house thereon; that she has no lease on the premises, but claims the right to occupy the premises as a holdover tenant; that plaintiff is unable to evict the Shenks because of the pertinent provisions of the statutes of the United States relating to housing and rentals in the area in which the premises are located and the regulations issued pursuant thereto; and that plaintiff has no adequate remedy at law. Plaintiff prays that the affidavit be declared illegal and that it be set aside as a cloud upon the title of plaintiff. Plaintiff attached to its complaint copies of the leases and the affidavit therein mentioned.

The Shenks filed an answer and also counterclaimed as to the plaintiff and the Chicago Title and Trust Company, as trustee under the trust deed, and joined the Continental Illinois National Bank & Trust Company as a counterdefendant, alleging an oral agreement with the bank for the execution and delivery of a ten-year lease relating to the premises. The bank filed a motion to dismiss under Sec. 48 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048] on the ground that the purported oral agreement was in contravention of the statute of frauds. The chancellor sustained the motion on two occasions, granting leave in each instance to the Shenks to amend. On February 7, 1947, the chancellor sustained the bank's motion for the third time and dismissed the bank from the case. On May 6, 1947, the Shenks filed a notice of appeal from the order of February 7, 1947, sustaining the motion to strike and dismiss the amended counterclaim as to the bank, and therein asked that the order be reversed and that the circuit court be directed to require the bank to answer their amended counterclaim. Throughout the

hearings on the motions of the bank the counterdefendants, the Chandler Society and the Chicago Title and Trust Company, as trustee, had no motions pending and took no part in the proceedings. Thereafter, the latter counterdefendants, by leave of court, filed motions to dismiss the second amended counterclaim. The motion of the Chicago Title and Trust Company to dismiss the second amended counterclaim was filed on February 28, 1947, on the ground that the counterclaim does not show compliance with the Lien Act, violates the Statute of Frauds and fails to charge that corporation with any notice or knowledge of the counterclaim prior to the filing thereof. The motion of the Chandler Society under Sec. 48 of the Civil Practice Act was filed on March 8, 1947 and asked dismissal on the ground that the alleged cause of action is not enforceable under the provisions of the Statute of Frauds. On May 21, 1947, the Shenks filed a motion to stay all proceedings for the reason that ''there is an appeal pending from the order of February 7, 1947 dismissing the second amended counterclaim.'' The Shenks were granted a change of venue to another chancellor, who overruled their motion to stay all proceedings. On May 21, 1947, the court entered separate orders sustaining the motions of the Chandler Society and the Chicago Title and Trust Company to dismiss the second amended counterclaim of the Shenks, and dismissing the counterclaim as to each of these counterdefendants. On May 24, 1947, the Shenks filed and served their notice of appeal from the order of May 21, 1947, dismissing their second amended counterclaim as to the Chandler Society and the Chicago Title and Trust Company, and asking that this court reverse the orders and remand the cause with directions that the named counterdefendants be required to answer the second amended counterclaim.

We have read and carefully considered the second amended counterclaim. We recognize the rule urged by counterplaintiffs that motions to dismiss ad-

mit all matters well pleaded. As to the point made by
the Shenks that there was no certificate of the attorney
that it was not interposed for delay 'and that in his
opinion the motion was well founded in law, it is our
view that as the record does not show that this point
was urged in the trial court, it cannot be raised at this
time. The Shenks complain that the chancellor abused
his discretion in declining to permit them to further
amend their counterclaim. We find that the chancellor
did not abuse his discretion. On two occasions the
Shenks were permitted to amend their counterclaim.
They made no showing and do not now make any show-
ing that a further amendment would present a case for
relief. We accept appellants' statement that equity
will not permit a suitor to make use of the statute of
frauds as a means of perpetrating a fraud, as that
would defeat the purpose for which the statute was
enacted. We also agree with appellants that when is-
sue is joined by counteraffidavits under Sec. 48 of the
Civil Practice Act, thus presenting an issue of fact, the
issue is to be determined by a jury where the trial is
by jury, or by court or the chancellor. Whether an
issue or issues in an equity case are to be tried by a
jury rests in the discretion of the chancellor. In this
respect the Civil Practice Act makes no change in the
previous practice. In some statutory actions not es-
sentially equitable in nature, such as will contests and
divorce cases, the applicable statute gives the right
of trial by jury if desired. In our opinion the instant
case does not present any issue of fact to be deter-
mined by the chancellor. Disregarding the conclusions
of the pleader and taking only the allegations of fact,
there was presented to the chancellors only questions
of law.

We agree with appellees that the alleged oral
agreement is unenforceable under the statute of frauds
because the admitted facts in the pleadings and affi-

davits filed by the parties disclose that appellants took and remained in possession of the premises under a written assignment of a lease dated January 14, 1942, and later were in possession under two successive written leases. During the period of time that the alleged improvements were made the Shenks occupied the premises under written yearly leases which specifically prohibited the expenditures claimed. The lease says:

"In consideration of the rate of rental herein specified to be paid by the Lessee, the Lessee takes the demised premises in their present condition and covenants and agrees to maintain the interior of said premises and to do all necessary cleaning, decorating, and repairing in the interior of the said premises at her own expense during the entire term of this lease. The Lessee further covenants and agrees to hold the Lessor and the demised premises harmless of and from any mechanic's liens and claims for liens on account of labor furnished upon said premises and material delivered to said premises at the request or at the sufferance of the Lessee and further covenants and agrees that she will, before letting any contracts for cleaning, decorating or repairing on the demised premises, obtain the written consent of the Lessor thereto."

In *Koch v. National Union Bldg. Ass'n,* 137 Ill. 497, the court said (501):

" 'To constitute such performance as will avoid the statute, it must clearly and distinctly appear that the party entered into the possession under the agreement itself, and was allowed and induced to make expenditures of money, and to make valuable and permanent improvements. . . .' So it has been repeatedly held, that it is not sufficient that the party is in possession, but it must affirmatively appear that he got possession under the agreement relied on, and in part performance of the same, and it must also distinctly

appear that the money was expended or the improvements made under the contract of sale, and not otherwise.''

See also *Christensen v. Christensen,* 265 Ill. 170; *McCallister v. McCallister,* 342 Ill. 231. In *Morrison v. Herrick,* 130 Ill. 631, and *Gray v. Schoonmaker,* 30 F. Supp. 1019, relied upon by appellants, the factual situations are so different as to be of no help in the decision of the instant case.

The chancellor was right in striking the second amended counterclaim of the Shenks for the further reason that they seek to enforce the terms of an oral agreement in the face of two written unambiguous leases, contrary to the parol evidence rule. The written leases provide that the Shenks shall, at their own expense, make the repairs for which they now claim compensation under an oral agreement, thus presenting a conflict between the written leases and the alleged oral agreement. In *Chicago Auditorium Ass'n v. Corporation of Fine Arts Bldg.,* 244 Ill. 532, the court said (538): ''If the language is plain and unambiguous, proof *aliunde* cannot be heard to contradict or vary its meaning or give it a meaning inconsistent with the language used in the instrument.''

■■    Appellants contend that the circuit court lost all jurisdiction after the notice of appeal of May 6, 1947 was filed, and that while the first appeal was pending, the trial court had no power to enter any order involving a matter of substance. The order of February 7, 1947 related solely to the bank. On February 17, 1947 and April 3, 1947, the parties were before the chancellor on matters pertaining to the second amended counterclaim and the Shenks did not argue that they considered it dismissed as to the Chandler Society and the trustee. The rules are well settled governing appeals from decrees in chancery as well as appeals from parts of a decree which

are final and severable from the decree as a whole, or dispose of a definite or separate branch of the case. *Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569; *Johnson v. Northern Trust Co.,* 265 Ill. 263. In appealing from the order or decree of February 7, 1947, the Shenks considered that it was final and severable from the decree as a whole, or that it disposed of a separate and definite branch of the case. They knew that a final decree as to the relief sought by the original plaintiff had not been entered. By their action in appealing from the order which did not dispose of the entire case, they recognized that the part of the case which remained was separate from the branch thereof from which they appealed. Hence, they are in no position to contend that the court was without jurisdiction to proceed with the matters remaining undisposed of after the filing of the first notice of appeal. Appellants' point could be construed as an admission that they appealed from an interlocutory order, which would require that their appeal be dismissed.

We are of the opinion that the chancellors correctly decided the motions to dismiss the Shenks' second amended counterclaim and, therefore, the decrees and orders of the circuit court of Cook county entered on February 7, 1947 and May 21, 1947, are affirmed.

*Decrees and orders affirmed.*

LEWE, P. J., and KILEY, J., concur.