Grace Myrick, Plaintiff (Appellee), v. Carl Herrmann, Defendant (Appellant).

Term No. 58–F–12.

Fourth District.
April 21, 1958.
Rehearing denied May 14, 1958.
Released for publication May 19, 1958.

 

Franklin, Garrison & Bleyer, of Marion, for defendant (appellant).

J. D. Quarant, of Elizabethtown, and Ralph Harris, of Marion, for plaintiff-appellee.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Hardin county in favor of plaintiff, Grace Myrick, on a verdict of a jury for $10,000.

The action resulted from personal injuries, including a broken hip sustained by plaintiff as a result of the alleged negligence of the defendant, her landlord, in permitting a condition to exist upon the upper floor so that surplus water dripped through the ceiling and onto the floor of a portion of the premises leased by plaintiff. Plaintiff slipped, fell, and injured herself by falling on the concrete floor of her restaurant when water accumulated on the floor. The evidence showed that a water faucet located in an upstairs part of the building under control of the landlord, leaked so as to drip through the ceiling onto the restaurant floor. The plaintiff on the day of the accident mopped up some surplus water which had leaked onto the floor, at 6:00 o'clock in the morning, but apparently there was another leak at the same place which caused the floor to become wet and slippery and at 10:30 the same morning the plaintiff slipped on the wet floor causing the injuries referred to.

No questions were raised on the pleadings. The matter is before us on the questions of law relating to the obligation of the landlord as to repair. It is the defendant's theory that the defendant landlord was

303

under no duty to repair the condition and thus was not guilty of negligence, and that plaintiff was guilty of contributory negligence as a matter of law so that the court below should have dismissed the verdict.

The plaintiff operated a restaurant in the downstairs of the defendant's two-story building. The faucet which leaked was located in a common anteroom or part of the hallway used by a number of the upstairs tenants of the defendant who occupied approximately twelve rooms. It was the theory of the plaintiff that where the defendant landlord retains control of his premises, used in common by his tenants, he owes them and others lawfully upon the premises a duty to keep the premises in a reasonably safe condition and is liable for an injury occasioned by his failure to do so.

██ Where a landlord retains control over premises used in common by tenants, he does owe them a duty to keep the premises in a reasonably safe condition, and is liable for injury occasioned by his failure to do so (Murphy v. Illinois State Trust Co., 375 Ill. 310, 312; Holsman v. Darling State Street Corp., 6 Ill.App.2d 517). The landlord who assumes the duty to make needed repairs and who is negligent in making them is liable to a tenant who relies to his damage on the landlord's assurances that the condition has been remedied (Roesler v. Liberty Nat'l Bank of Chicago, 2 Ill.App.2d 54).

██ The use of defective or damaged premises by a person having knowledge of the defect is not contributory negligence, per se, and if while walking in or upon said premises such person is injured but is still, in the exercise of due care for his own safety, there may be a recovery for such injury (Swenson v. City of Rockford, 9 Ill.2d 122, 127). A jury is entitled to weigh the evidence and draw reasonable inferences from the evidence as presented in the case in such

304

event (Minters v. Mid-City Management Corp., 331 Ill. App. 64, 71).

In the case before us the undisputed facts were that the faucet which caused the overflow of water that came into plaintiff's restaurant was in the portion of the premises under control of the defendant. Defendant testified that from time to time he made needed repairs to such parts of the building over which he retained control, including the water faucet in question, and that the overflow from such faucet had been called to his attention.

■ The evidence is uncertain as to whether there was an express promise to repair made to the plaintiff but this is not important under the facts in the record for the reason that the law implies a duty to maintain the retained portion in a reasonable state of repair, and if defendant is negligent in so doing, with consequent injury, he may become liable for such injuries.

■ On the issue of contributory negligence the fact that water had seeped through and onto the floor and had been cleaned up by plaintiff in the morning did not, as a matter of law, make plaintiff guilty of contributory negligence in passing over the same area at 10:30, where a new leak had caused a new slippery condition of the concrete. In any event it was a question of fact for the jury to determine and the jury did in fact determine that she was not guilty of contributory negligence.

■ There is a contention made on appeal in this court that there is an assumption of risk growing out of the landlord and tenant relationship, but under the facts in this case plaintiff did not assume the risk of defendant's negligence in a retained part of his premises, and the doctrine is not applicable to the facts in the case before us. It is in fact not applicable to an action by a tenant as against a landlord for injuries

305

sustained under such circumstances as a result of the landlord's negligence (Schoninger v. Mann, 219 Ill. 242, 246; Holsman v. Darling State Street Corp., supra). This case is distinguishable from Taylor v. Geroff, 347 Ill. App. 55, under the facts. In the Taylor case there was no retention of control of the furnace or flue by the landlord.

There is a discussion in the brief on behalf of Appellant of certain errors in connection with the giving or denial of instructions, but upon review of such matters we find no reversible error in the giving or denial of instructions.

██ Upon a review of the record in this case it appears that the verdict of the jury and the judgment rendered pursuant thereto are sustained by the evidence and not contrary to the manifest weight of the evidence, and also that there is no reversible error in the record requiring a new trial of this cause.

The judgment of the Circuit Court of Hardin county will, therefore, be affirmed.

Judgment affirmed.

BARDENS and SCHEINEMAN, JJ., concur.