Sandra Roseman, Plaintiff-Appellant, v. Paul A. Wilde and Richard W. Wilde, Defendants-Appellees.

Gen. No. 52,558.

First District, Fourth Division.

February 14, 1969.

Louis P. Miller, of Chicago, for appellant.

Richard C. Bleloch, of Chicago, for appellees.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

The plaintiff brought an action for injuries sustained on June 21, 1964, when, as the result of the alleged negligence of the defendants in permitting a defect to remain in a porch floor, she fell on a porch which was part of premises leased to her grandmother by defendants. The Circuit Court entered a summary judgment in favor of the defendants from which this appeal is taken.

Mrs. Ella L. Carr (grandmother of plaintiff) commencing in 1957 rented an apartment by successive leases from defendants in the building at 1739 Grove Street, Glenview, Illinois. Mrs. Carr, who was residing in her Wisconsin summer home, invited plaintiff to use her apartment temporarily. Plaintiff moved into the apartment with her husband on June 18, 1964. They planned to remain there for two weeks until their own apartment was ready for occupancy.

At about 11:00 p. m. on June 21, 1964, (about an hour after the cessation of a rainstorm) plaintiff was carrying some garbage outside across a porch which is adjacent to and accessible only through the apartment, when she slipped and fell and sustained injuries. She fell in an area which was wet from rain and where "the cement top layer had come up leaving a rough surface." There was a light on the porch. Plaintiff admitted she was aware of the rough surface of the porch as was her grandmother, the lessee. The porch is part of the premises leased by Mrs. Carr and is under her exclusive control. In her affidavit Mrs. Carr stated that she first rented the premises in 1957. Her affidavit continues:

That at the time the premises were rented to her, there was a spot in the patio in which the cement was scaling and deteriorated. The cement in said spot continued to deteriorate and she called it to the attention of her then landlord in the summer or spring of 1958. The landlord thereupon attempted to make repairs in the said patio at the spot aforesaid and in so doing, spread cement over a hole in the patio which had developed but that the said cement in a short time broke away and the hole in the patio reverted to the same condition as before the repairs were made.

Affiant further says that the hole in the cement was the identical spot pointed out to her by SANDRA ROSEMAN as the spot where she sustained her injury. Affiant further says that at no time during her occupancy of the premises did she make any repairs to or alter or change the condition of the spot at the place aforesaid.

The lease under which Mrs. Carr was holding was dated June 14, 1963, and became effective September 1, 1963, nine months before the accident. It contained the standard provisions in leases that "lessee has examined

95

and knows the condition of said premises and has received the same in good order and repair. . . ." and that "lessor shall not be liable for any damage occasioned by failure to keep said premises in repair."

Opinion

█ Plaintiff contends that she was a guest of the lessee and that the landlord is liable for a defective condition which existed prior to the leasing even in that part of the leased premises over which the lessee had exclusive control. In support of this contention plaintiff relies on Wagner v. Kepler, 411 Ill 368, 104 NE2d 231. In that case the plaintiff, a minor who lived in a first-floor apartment, was playing on the landing of the second-floor apartment. A separate stairway led from the backyard to the second-floor apartment which was occupied by a lessee of the owner-defendant. The boy was injured when an allegedly defective railing gave way. It did not appear that the plaintiff had been invited onto the lessee's stairway or landing nor that the lessee even knew that plaintiff was there. The court, after restating the general principle that the lessee and not the owner is liable for injuries to third persons as a result of failure to keep the building in repair, further said at page 371:

> But where an owner leases property with actual or constructive notice of a defective and dangerous condition which remains uncorrected, the owner, notwithstanding the lease, is liable to *strangers* for injuries caused by the defect . . . . [Emphasis added.]

In Wagner the plaintiff was a stranger. In the instant case plaintiff was a guest and not a stranger. Therefore Wagner is inapplicable,* and it is necessary to determine what duty is owed by a landlord to the guest of a tenant.

---

* The following statement from ILP, Negligence, § 62 is most illuminating:

 A guest is categorized as a licensee, Kapka v. Urbaszewski, 47 Ill App2d 321, 198 NE2d 569; and a licensee stands in the same position as a lessee vis-a-vis a landlord and has no greater rights. Hendricks v. Socony Mobil Oil Co., 45 Ill App2d 44, 53–54, 195 NE2d 1; Elbers v. Standard Oil Co., 331 Ill App 207, 222–224, 72 NE2d 874; Soibel v. Oconto Co., 299 Ill App 518, 521, 20 NE2d 309; Shields v. J. H. Dole Co., 186 Ill App 250, 255.

 As between a landlord and his lessee, the landlord is not liable for defects in the premises which exist at the beginning of the lease period unless he conceals or fails to disclose such defects of which he has or should have knowledge. Soibel v. Oconto, supra. If the defect is of such a nature that the lessee can or does discover it himself, then there is no liability on the landlord. Elbers v. Standard Oil Co., 331 Ill App 207, 226, 72 NE2d 874; Restatement of the Law of Torts 2d, § 358. In the instant case it is clear that both the plaintiff and her grandmother, the lessee, knew of the irregularity in the

---

Subject to certain exceptions, the general rule is that the duty owed by one who owns or is in charge of premises to an infant trespasser or licensee is the same as the duty he owes to an adult trespasser or licensee. Thus an owner or person in charge of premises owes no duty to keep the premises in any particular condition to enhance the safety of infant trespassers or licensees, and he is not required to exercise ordinary or reasonable care to the end that this may be accomplished.

However, it has been stated that Illinois has gone farther with respect to placing duties on owners and occupants of dangerous premises when children non sui juris are involved than the courts of many other states, and, in the case of Wagner v. Kepler, 1952, the Supreme Court, Justice Schaefer delivering the opinion, pointed out that, even in the absence of dangerous attractions, there are recognized exceptions to the general rule imposing no greater duty on a property owner toward an infant trespasser or licensee than toward an adult trespasser or licensee.

97

porch and therefore there is no liability on the landlord for injury ensuing therefrom.

Since there were no questions of fact for the trial court, the entry of a summary judgment for the defendants was proper and the judgment is affirmed.

Affirmed.

ENGLISH and STAMOS, JJ., concur.