AMERICAN EMPLOYERS' INSURANCE COMPANY, Plaintiff-Appellant, *v.* YELLOW CAB COMPANY, Defendant-Appellee.

First District (4th Division)    No. 62867

Opinion filed May 12, 1977.

Alvin G. Hubbard and Frederick W. Temple, both of Hubbard, Hubbard, O'Brien & Hall, of Chicago, for appellant.

Jesmer & Harris, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal of a summary judgment granted by the circuit court of Cook County in favor of the defendant, Yellow Cab Company (Yellow Cab). The action below was for indemnity arising from the settlement by Penn Central Transportation Company (Penn Central), of a separate cause of action brought by Willie Fuson, an employee of Penn Central, for damages under the Federal Employers' Liability Act (F.E.L.A.). Fuson's injuries were sustained while being transported from one railroad yard to another in a cab owned and operated by Yellow Cab. Penn Central settled the Fuson lawsuit and was reimbursed by its insurer, American Employers' Insurance Company (American Insurance). This action was subsequently filed against Yellow Cab, seeking indemnification for American Insurance, as subrogee of Penn Central. Upon motion, Yellow Cab was granted summary judgment, from which American Insurance has taken this appeal.

The issue presented for review is whether the trial court properly determined American Insurance had no right of indemnity against Yellow Cab.

Fuson's personal injury action alleged that on October 23, 1968, Penn Central railroad called and requested Yellow Cab provide Willie Fuson, a railroad employee, with transportation from Penn Central's Englewood Yard, Chicago, Illinois, to its Coehour Yard, Gibson, Lake County, Indiana. As Fuson entered the Yellow Cab and was barely seated, and before leaving the Englewood yard, the driver shifted into reverse and moved the cab backwards. Even though Fuson shouted for the driver to stop, he continued moving for 25 to 30 feet, causing the rear of the cab to

crash into a steel post stationed on the railroad's property, the impact being of such force as to cause serious and painful injuries. At the time Fuson was being paid by Penn Central in the course of his employment.

Fuson's action was filed against the railroad under the Federal Employers' Liability Act (45 U.S.C.A. §51-60), alleging Penn Central was careless and/or negligent within the meaning of that act and therefore, it was liable to Fuson for $50,000 in money damages for his injuries pursuant to that act.

The railroad filed an answer denying most of the foregoing allegations, and specifically asserting defendant and its driver were independent contractors.

On May 7, 1971, A.L. Foster, assistant general counsel of the railroad, wrote to defendant Yellow Cab, making a demand on Yellow Cab for indemnification. The intention of the railroad to settle the Fuson claim was stated in the letter, as well as a request that Yellow Cab object, if it so desired.

On May 14, 1971, Yellow Cab, in a letter from their attorneys to the railroad, refused either to indemnify or defend the railroad or participate in the proposed settlement. The claim was thereupon settled for $29,000 on May 20, 1971, and the Fuson suit was dismissed on June 8, 1971.

Prior to the date of the occurrence American Insurance issued its policy CL A 16-9015-337 to Penn Central and its trustees. The policy was in full force and effect on October 23, 1968. On November 23, 1971, pursuant to the terms of said policy, American Insurance paid to Penn Central the sum of $29,000.

The indemnity complaint-in the instant case was originally filed on July 21, 1972, against Yellow Cab. After numerous amendments to the complaint, Yellow Cab filed a motion for summary judgment. On July 1, 1975, summary judgment was entered in favor of Yellow Cab, dismissing the action.

In granting summary judgment in favor of Yellow Cab, the court below made the following findings:

"1. That the transaction whereby Willie Fuson became a passenger in the vehicle of the defendant was a private one between said defendant and Willie Fuson.

2. That no contract, written, oral or implied existed between plaintiff's assured, the employer of Willie Fuson and defendant Yellow Cab Company.

3. That defendant at the time in question was its own independent entity, answerable to no one, either by contract or otherwise, other than lawful public authority; did not hire itself out to anyone in its business; was not at the time and place in question

the agent or servant of anyone, including the plaintiff's assured; that defendant was at the time and place in question managed solely and exclusively by its directors and officers.

4. That the parties in this case were and are the same parties in the case of *Dowling v. Baker* (except that the plaintiffs herein who were succeeded by American Employers' Insurance Company as plaintiff by virtue of an insurance policy a copy of which is on file herein), and the facts in *Dowling* were the same facts as those litigated here.

5. That the facts and issues in this case were adjudicated between the same parties in *Dowling* and are *res adjudicata* and binding upon the parties in this case. * * *"

American Insurance thereafter has taken this appeal from the summary judgment.

The original action against Penn Central was filed by Fuson under F.E.L.A. Section 51 of the Act provides, in pertinent part:

"Every common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *." 45 U.S.C.A. §51.

American Insurance maintains summary judgment was not proper in this case because the evidence shows in transporting Fuson from one yard to another Yellow Cab was "furthering" and was "part of the total operational activities of" the railroad, was its statutory agent under F.E.L.A., and hence subject to indemnity. *Sinkler v. Missouri Pacific Railroad Co.* (1958), 356 U.S. 326, 2 L. Ed. 2d 799, 78 S. Ct. 758, is cited by American Insurance to support its position that Federal law should have been applied in determining whether Yellow Cab was the agent of Penn Central. But, in *Sinkler* the Supreme Court was asked to determine the liability of the railroad, and was not at all faced with a question of indemnity. The issue was whether the third party was an agent of the defendant within the meaning of F.E.L.A. Although the court did find the third party was an agent of the railroad and went on to make clear that "control" and "supervision" are not elements of "agency" under F.E.L.A., it said nothing about any right of indemnity for the railroad against a third party.

In regard to the right of indemnity, the court in *Brenham v. Southern Pacific Co.* (W.D. La. 1971), 328 F.Supp. 119, 123, came to the conclusion:

"It is now settled beyond any doubt that a Railroad's right to recover indemnity or contribution from a third party for liability

incurred under F.E.L.A. depends entirely upon state law. [Citations.]"

Most significantly, this division of the Illinois appellate court has previously rendered an opinion on this issue. Citing *Brenham*, among other authorities, this court, in *Dowling v. Baker* (1975), 29 Ill. App. 3d 832, 331 N.E.2d 320, decided a defendant's claim for indemnification from another tortfeasor under the Federal Employers' Liability Act is controlled by State rather than Federal law.

■■ We now hold State law controls the question of agency as to indemnity after settlement of a F.E.L.A. claim.

■■ After a careful examination of the record we find no claim by American Insurance that the defendant, Yellow Cab, was an agent of Penn Central by Illinois standards, and no theory of recovery by indemnity other than agency. The court below correctly found Yellow Cab was not an agent of Penn Central and properly granted summary judgment in favor of Yellow Cab.

Yellow Cab's brief raises the additional issues of (1) whether *Dowling v. Baker* serves as res judicata and a bar to the instant action, and (2) whether payment by American Insurance of the settlement sum was a voluntary one and, therefore, American Insurance is not subrogated to the rights of Penn Central against Yellow Cab. However, since summary judgment for Yellow Cab is found to have been properly granted, these additional issues urged by Yellow Cab need not be considered.

■■ A reviewing court will ordinarily not consider questions or contentions which are not essential to the determination or final disposition of the cause before it. (See *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 189, 311 N.E.2d 134.) Similarly, a reviewing court will not consider a question or contention where the result will be the same no matter how such question or contention is decided. See *Griffin v. Rausa* (1954), 2 Ill. 2d 421, 431, 118 N.E.2d 249.

Although it is not necessary to decide Yellow Cab's alternative issues, we prefer to comment on the effect of our former opinion in *Dowling v. Baker*. There, the four plaintiffs were members of a train crew. On June 28, 1969, while the crew was in between train trips, the conductor in charge of the crew ordered the men to breakfast and called for a Yellow Cab to transport the men. En route to the restaurant, the Yellow Cab struck a bus and they were injured. In the related indemnity action by the railroad against Yellow Cab, summary judgment was entered in favor of Yellow Cab and affirmed on appeal.

■■ Where a former adjudication is relied upon as res judicata, there must be, as between the actions, identity of the parties, of subject matter and of cause of action. When the second action between the same parties

is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. This is sometimes called "estoppel by verdict." When the second action is between different parties and is from a different occurrence, yet the facts are substantially the same, the court will adhere to the principle of law laid down in the prior suit. This is known as "stare decisis."

■■ Since the instant parties and occurrence are different from those in *Dowling v. Baker*, yet the facts are substantially the same, the principles of law set down in *Dowling v. Baker* may only be relied upon here as stare decisis and not res judicata.

Although the finding of the trial court the issues in this case are res judicata by *Dowling v. Baker* is somewhat erroneous, such finding is harmless since sufficient independent reason exists to affirm the summary judgment issued below.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.