GRACE CUTHBERT, Plaintiff-Appellant, *v.* MITCHELL STEMPIN *et al.*,
Defendants-Appellees.

First District (4th Division) No. 79-456

Opinion filed October 25, 1979.—Rehearing denied November 21, 1979.

Carl J. Cipolla, of Baskin, Server & Berke, of Chicago, for appellant.

James H. Canel, of James H. Canel, Ltd., of Chicago, for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff was injured when the front steps of the house she had leased crumbled as she was descending them. She sued the landlords, alleging they were liable for failing to maintain and repair the steps. The trial court granted the defendants' motion for summary judgment, specifically finding the plaintiff contributorily negligent as a matter of law. The plaintiff has appealed. We agree with the plaintiff that the finding that

she was negligent was premature; however, we affirm because it is clear that as a matter of law the defendants owed no duty to the plaintiff to maintain or repair the steps.

In her complaint, the plaintiff alleged that on May 5, 1974, and long prior thereto the defendants owned, maintained and were in possession and control of a certain apartment building; that on that date and prior thereto the plaintiff was a tenant residing in said building and at all times referred to in the complaint the relationship of landlord and tenant existed between the plaintiff and the defendants; that the plaintiff at all times mentioned was in the exercise of ordinary care; that on May 5, 1974, and for a long time prior thereto the concrete stairway at the front of said premises was broken and in defective condition, and the defendants knew or should have known of the condition in time to have repaired it; that because the defendants negligently maintained the premises and failed to repair the steps she was hurt as she was proceeding down them. The defendants denied all allegations except the first, that they were and had owned, possessed and controlled the premises. Neither the complaint nor the answer were verified. Subsequently on August 9, 1978, the defendants moved for summary judgment contending:

1. that a landlord owes no duty to a lessee in regard to defects on the premises at the beginning of the lease period unless the defect was concealed; here, the plaintiff was aware of the defect when the house was leased;

2. that by terms of the lease agreement the plaintiff was responsible for maintenance of the premises;

3. that plaintiff knew there was another means of ingress and egress yet used the front stairway which she knew to be in a defective and unsafe condition;

4. that plaintiff was guilty of contributory negligence;

5. that as the lease and the plaintiff's deposition reveal, the plaintiff had for a long period of time prior to the occurrence, exercised sole dominion and control over the leased premises and that no duty whatever arose under the lease terms to the defendants with respect to the maintenance of the premises.

Attached to the motion and submitted in support thereof were the plaintiff's deposition and the lease. The following facts are disclosed by the deposition. The leased property was not, as stated in the complaint, an apartment building; it was a single-family brick bungalow. Plaintiff lived there with her husband, son and daughter. They had first moved in in 1971; they moved out in 1974 because the property was sold to someone else. The house had both a front and a back door; both were accessible from the street although obviously the front door was more convenient.

She used the front exit perhaps once a day. There was nothing which, at any time, prevented her from using the back steps.

The front door was not at ground level. Leading up to the door were eight steps. The plaintiff testified that these steps had been obviously unsafe from the time she moved in; indeed, she testified that when she and her family took the house, they mentioned to the defendants that the steps were in poor condition and defendants said they would take care of it after the plaintiff moved in. Specifically the steps were badly cracked, looked as if they were becoming dilapidated and could give way at any time; they were falling apart. Cement was lying on the ground. The stairs continued to deteriorate after the plaintiff moved in. However, as far as the plaintiff knew, no one had tripped or stumbled on those stairs prior to May 5, 1974.

On May 4, 1974, the plaintiff and her daughter started to leave the house to go to church. Her daughter went down the stairs first. The plaintiff followed, walking on the left side of the steps (it appears from certain pictures in the record that the worst cracking was on the right side of the steps). As she was walking down the steps, one of them crumbled beneath her foot and she fell. She had never experienced anything like it before.

The lease shows that the property, a house with the appurtenances thereto, was leased to the plaintiff and her husband although only her husband signed the lease. It provided that the lessees acknowledged that the premises were in good repair and that no representations as to the conditions or repair thereof had been made by the lessor that were not expressed in the lease. It also provided that it was the duty of the lessee to keep the premises in good repair.

■■ In response to the defendants' motion for summary judgment, the plaintiff's attorney filed an affidavit stating that the lease did not require the lessee to maintain the outside of the premises; that the lessor in consideration of the renting of the premises agreed to repair the front steps and continued to promise to make such repairs; that the plaintiff was not guilty of contributory negligence as a matter of law in that the defect first noted was on the right side of the steps and her injury occurred while walking down the left side; and that the lease did not give plaintiff sole dominion and control over the outside of the leased premises and it was the duty of the lessors to keep the outside front steps in good repair. Of course this affidavit could not properly be considered by the court since the attorney could not competently testify as to the matters in the affidavit. (*Hedrick v. Goodwin Brothers, Inc.* (1975), 26 Ill. App. 3d 327, 325 N.E.2d 73.) Furthermore, many of the statements were mere unsupported conclusions as to matters of law. (*Dangeles v. Marcus*

(1978), 57 Ill. App. 3d 662, 373 N.E.2d 645; *Standard Oil Co. v. Lachenmyer* (1972), 6 Ill. App. 3d 356, 285 N.E.2d 497.) The defendants' reply again raised all of the issues raised in their original motion and raised the additional point that any verbal promise to repair would be a mere *nudum pactum.*

The trial court on October 30, 1978, granted the defendants' motion, finding the plaintiff guilty of contributory negligence as a matter of law. The plaintiff thereupon moved for reconsideration of this decision, contending that she had expected the hearing to be continued to allow her to take the defendants' deposition and that she had not been prepared to submit the relevant citations, which cases were discussed in the motion for reconsideration. On December 21, 1978, this motion was denied and the plaintiff appealed.

It must be noted that there is in the record no motion by the plaintiff for discovery, nor any motion to continue the hearing until after discovery could be had, nor any argument to the trial court that the plaintiff would be in some way prejudiced if such a continuance were not granted. Accordingly, any question whether the trial court should have allowed discovery before ruling on the motion is not properly before us. (*City of Chicago v. Cosmopolitan National Bank* (1979), 77 Ill. App. 3d 212, 395 N.E.2d 1070.) It does not appear, however, that the plaintiff is arguing that the trial court abused its discretion in refusing her motion, if indeed such a motion was actually made.

## I.

A motion for summary judgment can only be granted where there are no genuine issues of material fact (*Heller v. Sullivan* (1978), 57 Ill. App. 3d 190, 372 N.E.2d 1036; *Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103, 369 N.E.2d 252; *Borus v. Yellow Cab Co.* (1977), 52 Ill. App. 3d 194, 367 N.E.2d 277; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045, *appeal denied* (1977) 66 Ill. 2d 639), and the right of the moving party to judgment is clear and free from doubt. (*Cantu v. Utility Dynamics Corp.* (1979), 70 Ill. App. 3d 260, 387 N.E.2d 990; *Interlake, Inc. v. Harris Trust & Savings Bank* (1978), 57 Ill. App. 3d 524, 373 N.E.2d 413, *appeal denied* (1978), 71 Ill. 2d 688; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045, *appeal denied* (1977), 66 Ill. 2d 639.) And even where, as here, the facts are undisputed, if fair-minded persons may draw differing inferences from those undisputed facts, summary judgment cannot be granted (*Gagliardo v. Vodica* (1978), 58 Ill. App. 3d 1053, 374 N.E.2d 1302; *Torrence v. DeFrates* (1978), 56 Ill. App. 3d 118, 371 N.E.2d 1281; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045, *appeal denied*

(1977), 66 Ill. 2d 639), assuming, of course, that the disputed issue of fact is material. *Marcon v. First Federal Savings & Loan Association* (1978), 58 Ill. App. 3d 811, 374 N.E.2d 1028.

■■ It is true that, as the defendants argue, where the plaintiff instead of following a safe route which is available, chooses one obviously hazardous, the plaintiff acts at his or her own peril. (*Klimovich v. Crutcher* (1965), 57 Ill. App. 2d 444, 206 N.E.2d 723.) Nevertheless, it is not decisive that a safer course of action was available or that the course chosen entailed certain hazards, but the issue is whether the choice of the less safe course of action was unreasonable. *(Connolly v. Melroy* (1978) 63 Ill. App. 3d 850, 380 N.E.2d 863.) It is not necessarily negligence *per se* to go on to dangerous premises. (*Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446, *appeal denied* (1977), 66 Ill. 2d 628; *Sims v. Block* (1968), 94 Ill. App. 2d 215, 236 N.E.2d 572; *Myrick v. Herrmann* (1958), 17 Ill. App. 2d 301, 149 N.E.2d 792, *appeal denied* (1958), 14 Ill. 2d 632.) Thus in *Morehead v. Mayron* (1972), 3 Ill. App. 3d 425, 279 N.E.2d 473, it was held that it was not contributory negligence as a matter of law for a tenant to walk in a common area although the carpeting was torn when that was the only direct entrance to the street.

■■ In light of the cited cases, we hold that the trial court prematurely found the plaintiff guilty of contributory negligence as a matter of law since summary judgment can only be granted when the movant's right is clear from doubt.

II.

However, while we rule that the trial court erred in ruling that the plaintiff was guilty of contributory negligence as a matter of law, we affirm the granting of summary judgment since the defendants owed the plaintiff no duty to repair the steps. This court can affirm the decision of a lower court if it is justified in the law for any reason appearing in the record even though the specific reason given by the judge is erroneous. (*Board of Education v. Schmidt* (1978), 64 Ill. App. 3d 513, 381 N.E.2d 400; *Glick v. Sabin* (1977), 53 Ill. App. 3d 96, 368 N.E.2d 625; *American Employers' Insurance Co. v. Yellow Cab Co.* (1977), 49 Ill. App. 3d 275, 364 N.E.2d 948; *Byars v. Kolodziej* (1977), 48 Ill. App. 3d 1015, 363 N.E.2d 628.) The defendants' principal argument in their motion for summary judgment was that they had had no duty to repair and had breached no other duty owed to the plaintiff; these contentions were supported both by the plaintiff's failure to allege such a duty and her statements in her deposition and the provisions in the lease. At this point, while the plaintiff was not required to prove her case, she was required to

present some factual basis that would arguably entitle her to a judgment under the applicable law. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80, *appeal denied* (1977), 66 Ill. 3d 629.) This she failed to do.

Generally, the occupant of leased premises and not the owner is responsible for injuries resulting from a defective condition of the demised premises. (*Hardy v. Montgomery Ward & Co.* (1971), 131 Ill. App. 2d 1038, 267 N.E.2d 748.) It is well settled in this State that a landlord is not liable for injuries occurring on premises leased to a tenant and under the tenant's control unless a latent defect existed at the time of the leasing which defect is known or should have been known to the landlord in the exercise of reasonable care and which could not have been discovered upon a reasonable examination of the premises by the tenant; or the landlord fraudulently concealed from the tenant a known, dangerous condition; or the defect causing the harm, amounted to a nuisance; or the landlord made an enforceable promise to repair the premises. (*Baxter v. Illinois Police Federation* (1978), 63 Ill. App. 3d 819, 380 N.E.2d 832; *Dapkunas v. Cagle* (1976), 42 Ill. App. 3d 644, 356 N.E.2d 575, *appeal denied* (1977), 65 Ill. 2d 569; *Thorson v. Aronson* (1970), 122 Ill. App. 2d 156, 258 N.E.2d 33; *Roseman v. Wilde* (1969), 106 Ill. App. 2d 93, 245 N.E.2d 644.) Thus in *Dapkunas* the landlord of a single family residence was held not liable as a matter of law for injuries sustained when the steps to the back door tumbled, since the defect could have been easily discovered upon a reasonable inspection, there was no fraudulent concealment by the landlord, the defect did not amount to a nuisance, and there was no promise to repair.

It is clear from her deposition that the plaintiff had full knowledge of the "poor" condition of the steps when the house was leased. Accordingly, the defendants cannot be held liable for her injury on the theory that the defect was concealed from her. *Roseman v. Wilde* (1969), 10 Ill. App. 2d 93, 245 N.E.2d 644; *Savka v. Smith* (1978), 58 Ill. App. 3d 12, 373 N.E.2d 1051.

The plaintiff has not contended that the defect amounted to a nuisance, and following *Dapkunas v. Cagle* (1976), 42 Ill. App. 3d 644, 356 N.E.2d 575, which is almost factually identical with the present case, it is clear that it was not.

The plaintiff alleged in her complaint that the defendants were liable because they failed to make repairs and keep the premises in safe condition. Ordinarily, however, the mere relationship of landlord and tenant creates no duty to make repairs, and absent an express covenant or stipulation binding him to make repairs or keep the property in repair, his obligation is absent. (*Baxter v. Illinois Police Federation* (1978), 63 Ill. App. 3d 819, 380 N.E.2d 832; *Zion Industries, Inc. v. Loy* (1977), 46 Ill. App. 3d 902, 361 N.E.2d 605; *Yuan Kane Ing v. Levy* (1975), 26 Ill. App.

3d 889, 326 N.E.2d 51; *Forshey v. Johnston* (1971), 132 Ill. App. 2d 1106, 271 N.E.2d 81.) Plaintiff did not allege in her complaint that the defendants had any duty to repair; nor did she allege any facts giving rise to a duty to repair unless her allegation that she resided in an apartment in an apartment building gave rise to an implication that the stairs in question were part of a common area under the defendants' control which the defendants were required to maintain in a good condition. The plaintiff's deposition clearly contradicts the allegation that this was an apartment house. A single-family residence was involved, and since the stairs were only for the use of the plaintiff and her family, they were not public and common ways, and thus the presumption that the landlord retained control is not applicable. (*Savka v. Smith* (1978), 58 Ill. App. 3d 12, 373 N.E.2d 1051.) The plaintiff has pointed to the defendants' admission of paragraph 1 of her complaint as an admission that the defendants were in possession of the stairs on the date of the accident. Technically this might be true, but the so-called admission must be read in light of the defendants' averments in their motion for summary judgment that the plaintiff had exercised sole dominion and control over the leased premises. In any event, it is clear from the evidence submitted that the stairs were part of the demised premises and not under the defendants' control. *Margolen v. deHaan* (1922), 226 Ill. App. 110.

 While the plaintiff in her complaint did not allege any promise to repair, she did state in her deposition that the defendants made such a promise. For purposes of this motion, we must assume such a promise was made (*Schuster v. East St. Louis Jockey Club Inc.* (1976), 37 Ill. App. 3d 483, 345 N.E.2d 168), since the court cannot, on a motion for summary judgment, resolve questions of fact. (*North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664.) The plaintiff in her deposition did not state whether the promise was made before or after the lease was signed. If it was made after the lease was signed, then it is not binding since a promise to repair made after the execution of the lease, without new consideration, is a mere *nudum pactum* and is not enforceable. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80, *appeal denied* (1977), 66 Ill. 2d 629; *Yuan Kane Ing v. Levy* (1975), 26 Ill. App. 3d 889, 326 N.E.2d 51; *Forshey v. Johnston* (1971), 132 Ill. App. 2d 1106, 271 N.E.2d 81.) If on the other hand the statements were made prior to or simultaneously with the execution of the lease, then they are inadmissible to contradict the clear and express provision of the lease that no such promise was made. (*Shenk v. Continental Illinois National Bank & Trust Co.* (1948), 334 Ill. App. 373, 79 N.E.2d 757, *appeal denied* (1948), 400 Ill. 628; *Ross v. Griebel* (1907), 136 Ill. App. 399; also *Preston A. Higgins & Co. v. Stevenson* (1975), 28 Ill. App. 3d 150, 328 N.E.2d 79; *O'Fallon Development Co. v. Reinbold* (1966), 69 Ill. App. 2d 169, 216

N.E.2d 9, *appeal denied* (1966), 34 Ill. 2d 629; *Mertke v. Kracik* (1969), 122 Ill. App. 2d 347, 259 N.E.2d 328.) The plaintiff has contended that she is not bound by the lease because she did not sign it; only the lessors and her husband did. The lease, however, expressly provides that both Mr. and Mrs. Cuthbert were the lessees, and it is not necessary to the validity of the lease or its being binding on the lessee that she should sign it; her acceptance of its provisions by entering into possession is sufficient. *Baragiano v. Villani* (1904), 117 Ill. App. 372; *Milligan v. E. R. Darlington Lumber Co.* (1908), 145 Ill. App. 518; also *Smith v. Mitchell* (1912), 168 Ill. App. 36; *Fields v. Brown* (1899), 90 Ill. App. 195; *Henderson v. Virden Coal Co.* (1897), 78 Ill. App. 437.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JIGANTI, P. J., and LINN, J., concur.